## SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. WILKINS.
### (No. 5526.)

(Court of Civil Appeals of Texas. Austin. Nov. 24, 1915. Rehearing Denied Jan. 26, 1916.)

1. TRIAL ⊙⟳121(2)—ARGUMENT OF COUNSEL—EVIDENCE TO SUSTAIN.

In an action for general damages for slander, remarks by plaintiff's counsel that: "Slander goes upon wings and is scattered; slander gets wings and never stops"—were proper; proof of the natural consequences of an act shown by the testimony not being necessary to warrant counsel to refer to them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–298, 300; Dec. Dig. ⊙⟳121(2).]

2. EVIDENCE ⊙⟳121—COMPETENCY—RES GESTÆ.

In an action against a telephone company for slander uttered by its manager, in stating that the company did not allow girls who were not ladies to hang around the office, the response of plaintiff that she was as pure as the manager's wife was competent as part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. ⊙⟳121.]

3. LIBEL AND SLANDER ⊙⟳105 — ACTIONS — EVIDENCE.

In an action for slander, where it is shown that defendant's manager at his house told plaintiff and her roommate that they were discharged; that defendant company did not allow girls to work for it that were not ladies; that they had had men in their room at night, and later at the company's office told them to get out; that defendant did not allow girls who were not ladies to hang about the office, whereupon plaintiff said that she was as pure as the manager's wife—his reply that if she were a man he would slap her downstairs was competent, as tending to show that he meant by his language at the house to charge her with having had carnal intercourse with men.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 282, 283, 292–294; Dec. Dig. ⊙⟳105.]

4. LIBEL AND SLANDER ⊙⟳88 — PLEADING — PETITION.

Allegations, in a petition for slander, that plaintiff would henceforth be debarred from honorable employment; that she had suffered in her reputation among the people of the community; that she would henceforth be looked upon with scorn and ridicule, and would always be excluded from the society of respectable people, not knowing the falsity of the imputations cast upon her—are not objectionable as being vague

and uncertain, nor as alleging remote and speculative damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 212; Dec. Dig. ⊜══88.]

5. LIBEL AND SLANDER ⊜══88—PLEADING—DAMAGES.

In an action for general damages for slander, the petition need not itemize the elements of damages as to what amount was claimed for loss of employment, what for loss of society, etc., but may allege the damage in the aggregate.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 212; Dec. Dig. ⊜══88.]

6. LIBEL AND SLANDER ⊜══124 — INSTRUCTIONS.

In an action against a corporation for slander by its manager, instructions, authorizing recovery if the manager was the agent of the company and was then acting for it within the scope and authority of his employment, is not objectionable as permitting a recovery merely because the language was uttered contemporaneously with the manager's employment by defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 365–370, 372, 373; Dec. Dig. ⊜══124.]

7. LIBEL AND SLANDER ⊜══4 — ELEMENTS — "ACTUAL MALICE."

"Actual malice" includes an unlawful act done in reckless disregard of the rights of another.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 111; Dec. Dig. ⊜══4.

For other definitions, see Words and Phrases, Second Series, Actual Malice.]

Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Action by Sadie Wilkins, by next friend, against the Southwestern Telegraph & Telephone Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A. P. Wozencraft and S. P. English, both of Dallas, and Batts & Brooks and Hart & Woodward, all of Austin, for appellant. E. B. Coopwood and J. B. Hatchitt, both of Lockhart, and Fiset, McClendon & Shelley, of Austin, for appellee.

JENKINS, J. This is a companion case to S. W. Tel. & Tel. Co. v. Ila Long, 183 S. W. 421, this day decided by this court. We adopt our findings of fact in that case for our findings of fact in this case.

[1] For reasons stated in our opinion in the former case, we reverse and remand this case. However, the objections to argument of counsel for appellee, as shown by bill of exceptions in the Long Case did arise in this case. Appellant's tenth assignment of error herein is as to the statement by counsel for appellee in his argument to the jury that: "Slander goes upon wings and is scattered; slander get wings and never stops"—the objection being that there was no evidence of such facts and no pleading to support such fact. For reasons stated in our opinion in the Long Case, we think that the allegation that the slander was uttered in the presence of others is sufficient allega-

tion that it will probably be repeated. In order to warrant counsel in referring to the usual and natural consequences of an act shown by the testimony, it is not necessary to prove such consequences. The jury could take cognizance thereof, as well as any witness who might have been called to prove the same. If testimony was introduced to prove the common experience of mankind, it would add no weight to such fact. Counsel in argument to a jury may properly refer to such experience; for the reason it is presumed to be known as a fact by the jury.

In the concluding portion of our opinion in the Long Case we stated that on account of the length of that opinion, we did not give our reasons for overruling a number of appellant's assignments of error. In so far as those assignments are identical with appellant's assignments herein we here briefly state our reasons for overruling the same.

[2, 3] We overrule the assignment of error, in reference to the statement made by appellee in the hall of appellant's office that she was as pure as Dold's wife, for the reason that the same was res gestæ of that conversation, and also as to Dold's reply because it tends to show that he meant by the language used in his house to charge appellee and Miss Long with having had carnal intercourse with men.

[4] We overrule appellant's assignments of error with reference to the action of the court in not sustaining his special exceptions to that portion of appellee's petition wherein she alleged that she would henceforth be debarred from honorable employment, that she had suffered in her reputation among the people of Lockhart, and that she would henceforth be—

"looked upon with scorn and ridicule, and will always be excluded from the society of all respectable people, not knowing the falsity of said imputations cast upon her as aforesaid."

The objections to said allegations were that they were vague and uncertain, and the matters and damages alleged were remote and speculative," etc. We do not think that such damages are uncertain, but, on the contrary, that they are such as might reasonably be anticipated; nor do we see how such consequences could be alleged with greater certainty. In this connection it should be kept in mind that this is not a suit to recover special damages, but only those which the law presumes have resulted, and will result, from uttering the defamatory words. The anticipation of such injuries, being reasonable, would naturally produce that mental anguish, shame, and mortification which appellee alleges she suffered as a consequence of the slander.

[5] For the reason that this is not a suit to recover special damages, we overrule the assignments of error as to the failure of the petition to itemize the elements of damages, as to what amount was claimed for loss of

employment, what amount for loss of society, etc. No special damages are claimed for either of such items, and therefore it was not necessary to specifically allege such, but appellee might have properly, as she did, allege the amount of her damage in the aggregate. Townes on Pleading (2d Ed.) 405; Railway Co. v. Currie, 64 Tex. 85; Railway Co. v. Pettit, 47 Tex. Civ. App. 354, 105 S. W. 43; 5 Ency. Plead. & Ev. 711.

For reasons stated in the Long Case we overrule appellant's assignment of error in reference to the charge of the court as to republication of the slander.

[6] We do not think that the charge of the court is subject to the criticism that it permitted the jury to find in favor of appellee merely for the reason that the language complained of might have been uttered contemporaneously with Dold's employment by appellant, without regard to whether the same was uttered within the scope of his employment. We quote from said charge as follows:

"And you further find from the testimony *. * * that said Dold was then and there the agent of his codefendant, the Southwestern Telegraph & Telephone Company, and was then acting for it within the scope and authority of his employment," etc.

[7] The objection to the charge of the court defining actual malice is that it refers to another portion of the charge for a definition of actual malice, and that such definition is erroneous. The definition referred to is that actual malice includes "an unlawful act done in reckless disregard of the rights of another." This is a correct statement of the law. Publishing Co. v. McDavid, 157 S. W. 226.

We overrule the assignments of error with reference to the testimony of the district manager Whatley, for the reason that such testimony tends to prove the authority of Dold in the premises.

Reversed and remanded.

---

⬷⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

