RIO GRANDE, E. P. & S. F. R. CO. v. GUZMAN et al. (No. 1001.)

(Court of Civil Appeals of Texas. El Paso. June 12, 1919.)

1. TRIAL &753;352(4)—SPECIAL ISSUES—NEGLIGENCE NOT PLEADED.

In action by widow for death of husband from injuries received while engaged in loading a truck on a flat car, it was error to submit to the jury the question of defendant railroad company's negligence not pleaded in placing cars on the track where deceased was working.

2. TRIAL &753;352(4)—SPECIAL ISSUES—NEGLIGENCE—SUBMISSION.

The court in submitting to the jury the issue of negligence should confine them to concrete acts of negligence pleaded and the evidence in support thereof, and questions too general in character and based upon grounds of negligence not pleaded should not be submitted.

3. TRIAL &753;350(2)—REQUESTED ISSUES—EVIDENTIARY MATTERS—REFUSAL.

In action for wrongful death, requested issues relating to evidentiary matters *held* properly refused.

4. TRIAL &753;352(1)—SUBMISSION OF ISSUES—IGNORING EVIDENCE.

In action by widow against railroad company for death of her husband from injuries received in loading truck upon a flat car, requested submission to jury of an issue ignoring evidence showing that defendant's switching crew may have known that deceased was in a dangerous position *held* properly refused.

5. INDEMNITY &753;13(2)—JOINT TORT-FEASORS.

Where a defendant railroad company was an active tort-feasor guilty of affirmative negligence causing the death of an employé of another company also charged with negligence, the railroad company is not entitled to recover over against the other company.

6. APPEAL AND ERROR &753;1173(2)—DECISION—REVERSAL AS TO COPARTIES.

It is within appellate court's discretion to reverse as to one and affirm as to the other, or to reverse generally as to all of two joint tort-feasors who were sued in the same action, from which one of them receiving a judgment in its favor did not appeal.

7. MASTER AND SERVANT &753;286(3)—PEREMPTORY CHARGE—PLACE FOR WORK.

In action against M. company and a railroad company for death of an employé of M. from injuries received while loading a truck on a flat car, peremptory charge in favor of M. *held* improper, in view of the placing by M. of deceased in a dangerous place to work, being an issue which would authorize a recovery against that defendant.

Appeal from District Court, El Paso County; F. G. Morris, Special Judge.

Action by Efren Aguirre Guzman against the Rio Grande, El Paso & Santa Fé Railroad Company and the National Mine & Smelter Company. From a judgment for the Smelter Company and in favor of plaintiff against the Railroad Company, the Railroad Company appeals. Reversed and remanded as to both defendants.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellant.

Brown & Wilchar, Walthall & Gamble, Jackson & Isaacks, and Breedlove Smith, all of El Paso, for appellees.

---

HIGGINS, J. Mrs. Guzman, appellee, brought this suit against the Rio Grande, El Paso & Santa Fé Railroad Company and the National Mine & Smelter Company, for herself and in behalf of her minor children, to recover damages resulting from the death of Luis Guzman, her husband and the father of her minor children.

It was alleged that deceased, while in the employ of the mine and smelter company, was directed by his superior to load a motortruck onto a car at the depot of the Santa Fé Company, and while in the performance of this service he was directed by his superior to spot a flat car on which the truck was to be loaded at the platform of the depot and, in accordance with the order so received, was attempting to move the car with pinch bars, when without warning, other cars were shunted in by the Santa Fé Company, and deceased was injured so that his death resulted. Negligence was charged against the mine and smelter company in failing to keep a lookout and warn deceased of his danger, with failure to provide him with a safe place to work, and in ordering him to work under the circumstances at the time and place of the injury. Negligence against the Santa Fé Company was charged in failing to give notice or warning of the movement of the car that was shunted in and in shunting in the car without an employé thereon to control its movement and without having an engine attached to the car to control its movement. It was further alleged that the joint acts of negligence on the part of the defendants, as above stated, proximately caused the death of the deceased.

Case was tried before a jury and a peremptory instruction given to find in favor of the mine and smelter company. As to the Santa Fé Company, the case was submitted upon special issues; the first issue reading as follows:

"Question No. 1. Did the defendant railroad company fail to use such care to avoid injuring the deceased, Luis Guzman, at the time and place where he was killed, as a person of ordinary prudence would have used, under the same or similar circumstances, in placing cars on the track where deceased was working?"

Other issues submitted related to the question of damage resulting from the death of deceased and of apportionment. The first question was answered by the jury in the affirmative, and judgment was thereupon rendered in favor of the National Mine & Smelter Company and in favor of Mrs. Guzman against the Santa Fé Company for the amount of damages found and apportioned by the jury to her and her minor children. From the judgment rendered, the Santa Fé Company prosecutes this appeal.

## Opinion.

[1, 2] It is first assigned as error that the court erred in submitting question No. 1 because the question as propounded was too general in character. This is sustained. Upon the question submitted the jury may have found against appellant upon grounds of negligence not pleaded. The jury was authorized to find that appellant was guilty of negligence not pleaded in placing cars on the track where the deceased was working. They should have been confined to a consideration of the concrete acts of negligence pleaded and in support of which evidence had been adduced. Seasonable objection was made by appellant to the form in which this issue was submitted, and the error therein indicated is reversible. Ry. Co. v. Coles, 183 S. W. 138; Jamison Gin Co. v. Measles, 207 S. W. 365; Ry. Co. v. Harvey, 27 S. W. 423; Martin v. Stires, 171 S. W. 837.

In the case first cited, there were other findings upon issues properly submitted which cured the error in the issue there considered, but in the case at bar no such condition obtains. The judgment rests primarily upon the jury's answer to the question quoted above, and such answer may have been predicated upon a ground of negligence not presented by the pleadings.

[3, 4] Various assignments complain of the refusal to submit requested special issues. None of them present error. Some of the requested issues relate to evidentiary matters; some immaterial issues. The issue presented under the fifth assignment ignores that phase of the evidence showing that appellant's switching crew may have been charged with notice that deceased was in a position of danger. The issue presented by the sixteenth assignment is immaterial. If answered as desired by appellant, it would not have affected its liability to appellee.

Certain assignments relate to rulings upon evidence. None present error. Other assignments question the sufficiency of the evidence. In view of retrial, it would be improper to comment upon the evidence further than to say that it is ample to support a verdict and judgment against this appellant. Since the case must be reversed, it is unnecessary to pass upon those assignments asserting that the verdict is excessive.

[5] Under the thirteenth and fourteenth assignments, the proposition is advanced that as a matter of law the mine and smelter company is liable over to this appellant for any judgment obtained by the appellee. The evidence in this record does not show the appellant to have been guilty of mere passive negligence. On the contrary, it is sufficient to support a finding that it was an active tort-feasor guilty of affirmative negligence which proximately caused or contributed to cause the death of deceased. Upon this state of the evidence, it is not entitled to recover over against the mine and smelter company. Ry. Co. v. Nass, 94 Tex. 255, 59 S. W. 870.

[6] Upon the record we would be author-

ized to affirm the judgment as to the mine and smelter company, but, in cases such as is here presented, this court may affirm as to one defendant and reverse as to the other, or in its discretion the case may be reversed generally as to all defendants. Ry. Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Wimple v. Patterson, 117 S. W. 1034; Telephone Co. v. Wilkins, 183 S. W. 429; Ry. Co. v. Smith, 99 S. W. 171.

We are of the opinion that in this case the reversal should be general and the case retried as to both defendants.

[7] In this connection, we desire to say, for the guidance of the court below upon the next trial, that upon the record presented the peremptory charge in favor of the mine and smelter company and against Mrs. Guzman was improper. The mine and smelter company placed the deceased, its employé, in a dangerous place to work without taking any precaution to guard against the danger incident to the working place. This presented an issue of negligence against that defendant which would authorize recovery against it by plaintiff.

Reversed and remanded as to both defendants.