## HARLAN et al. v. ACME SANITARY FLOORING CO. et al. (No. 812.)

(Court of Civil Appeals of Texas. El Paso. April 6, 1922.)

**1. Corporations ⬒80(11)—Finding that individuals selling stock were promoters authorized.**

Evidence *held* sufficient to warrant finding that the individuals selling stock to plaintiffs by fraudulent representations were at the time promoters of the corporation.

**2. Corporations ⬒30(2)—Promoters personally liable for fraudulent representations in sale of stock.**

Promoters of a corporation acting for their own private gain in selling its stock with fraudulent representations are personally liable to the buyers.

**3. Corporations ⬒80(12)—Liable for fraud of promoters in selling stock where adopting contract.**

A corporation is liable for fraud of its promoters in selling stock where receiving the benefits by adopting their contract.

**4. Corporations ⬒80(12)—Rescission of purchase of stock, notwithstanding transfer of note to innocent party.**

Purchase of stock may be rescinded for fraudulent representations of the corporation's promoters or agents, though notes for part of purchase price have passed to innocent purchasers, as status quo may be restored by payment of money.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Lee Harlan and another against the Acme Sanitary Flooring Company and others. From a judgment on a verdict directed for defendants, plaintiffs appeal. Reversed and remanded.

See, also, 203 S. W. 412; 231 S. W. 348.

A. S. Thurmond and Edwards & Edwards, all of El Paso, for appellants.

C. W. Croom and Jones, Jones, Hardie & Grambling, all of El Paso, for appellees.

HARPER, C. J. Lee Harlan and H. H. Hyland brought this suit against the Acme Sanitary Flooring Company, a corporation, T. S. Phillips, A. R. Heineman, S. K. Albright, and the First National Bank of El Paso, Tex., to cancel certain certificates of stock of said corporation issued to plaintiffs, and to cancel two notes of plaintiffs for $3,000 each for fraud in their procurement. For cause of action they allege:

That Phillips, Heineman, and Albright were promoters, organizers, and directors of said corporation, and induced plaintiffs to buy 60 shares of the flooring company stock. That same was paid for by plaintiff Harlan executing to defendants, Phillips and Heineman, two promissory notes for the principal sum of $3,000 each, secured by mortgage on certain described lands. As an inducement to plaintiffs to execute said notes, and to exchange for the stock of the company, said Phillips, Heineman, and Albright did falsely and fraudulently represent to plaintiffs: (a) That the company was legally incorporated with $25,000 stock fully paid up; (b) that it owned a valuable formula for making floors; (c) that it had $6,000 working capital, and that, if plaintiffs would buy 60 shares at $100 each, it would have $12,000 paid-up working capital; (d) that they were to have treasury stock. That said representations were not true nor did the company have any working capital except such sums as were borrowed upon the faith of plaintiffs' notes aforesaid. That $1,000 of this sum was taken by Phillips and used to redeem his own check given to the flooring company for 10 shares of stock. Also that Heineman took $1,000 of the funds for the same purpose, and that Albright took $1,000 of the funds for his own use. That Albright knew of the frauds being practiced on plaintiffs, and knew that they were not buying stock then privately owned by other stockholders. Prays judgment canceling any excess of said note over moneys loaned thereon by the bank, and for judgment against the flooring company and each of the other defendants for $6,000, with interest.

By second count they set up the same fact as inducing the execution of the notes and the payment of the money, and charged that the defendants Phillips and Heineman were acting for themselves, and as agents for the flooring company and Albright, and for the private benefit and profit of said Heineman, Albright, and Phillips; that as soon as the fraud was discovered they tendered back the stock, etc.

The flooring company answered by general denial, and specially that, with a full knowledge of all the facts, after a full investigation of the affairs of the company, etc., plaintiffs became officers and directors of the corporation and for profit, drew salaries, etc., and did thereby intentionally waive any right of action against the company, etc., and are thereby estopped.

Albright and Heineman adopt the answer of the company. The cause was dismissed as to Phillips, who had died, and the bank.

The court, after hearing plaintiffs' evidence, instructed a verdict for the defend-

ants. This is the sole ground urged for the reversal of the judgment, because, appellants say, the evidence was sufficient to require the court to submit the case.

There is evidence to the following effect: That prior to the 8th day of August, 1914, defendants Albright, Heineman, and Phillips, were operating a business in El Paso under the trade name of the Acme Sanitary Flooring Company. That, during the time they were so operating, Hyland testifies:

"I don't remember whether the corporation had been organized when Phillips and Heineman were making the representations to me, but think not."

Again he said:

"At the time Harlan and I bought the $6,000 worth of shares of the company it was represented to us by Phillips, Heineman, and Albright that the company was incorporated for $25,000 paid-up capital, and that they would have $12,000 or $15,000 in the treasury after we paid in our $6,000; that they had a formula or process for making flooring; that we were to get treasury stock, and that the money was to go into the treasury as a working capital."

The record shows that charter was filed August 8, 1914, the directors being Albright, Heineman, and Phillips. The notes sought to be canceled were executed payable to Phillips and Heineman, and delivered September 14, 1914.

It is agreed that the flooring company borrowed at first small amounts from the First National Bank, and put up the plaintiffs' notes as security, and finally, October 13, 1914, they got additional money, in all $3,500, and said notes used as security. The record further shows that S. K. Albright, A. R. Heineman, and T. C. Phillips executed October 10, 1914, a bill of sale to the Acme Sanitary Flooring Company, a corporation to "all our right, title and interest in and to * * * the present business of the Acme Sanitary Flooring Company, now owned and conducted by the said [parties] * * * together with all goods, wares and merchandise * * * and to the exclusive right to manufacture and sell flooring * * * according to secret formulæ, etc., within a described territory"; consideration, $23,000.

The plaintiff testified: That the company did not organize with $25,000 paid-up capital. That the moneys received by the company for their stock did not go into the treasury as working capital, but $3,000 of it was immediately drawn out for the private benefit of the directors of the corporation. That neither the said promoters nor the after corporation owned the secret of the formula for making the flooring, and that this was the most valuable asset. That they did not get treasury stock of the corporation, as agreed and represented to them, but got privately owned stock of the persons then the acting and actual board of directors of the corporation. That upon discovery of the above facts they notified said defendants in person and as directors of their intention to rescind and cancel their stock, and made request for the return of their note, etc. There is some conflict and contradiction apparent in the testimony as shown by the record, but to reconcile such matters is the special province of a jury; and that such facts as quoted above, without answer or contradiction from the defendants, are sufficient to support a verdict for cancellation against the corporation and to recover the value paid for the stock, cannot be doubted.

[1-3] Under these facts the individuals named could properly have been found to be promoters of the corporation, and for their own private gain, as charged in the second count of the petition, and therefore personally liable. And, whether they were promoters only, when the plaintiffs were induced to execute their note, or were in fact the board of directors and agents of the corporation then in operation, the corporation is equally liable, for the reason that it received the benefits from its promoters' or agents' fraud by adopting the contract of its promoters, or it made the contract by its lawful agents, and is for that reason liable to the full amount plaintiffs may have been defrauded out of. Cator v. Commonwealth Bonding & C. Co. (Tex. Com. App.) 216 S. W. 140.

[4] The appellee by counter proposition says that, because the notes have been transferred to an innocent purchaser for value, the statu quo cannot be restored, and for that reason the notes should not be canceled. This action is not only for cancellation of the notes, but for the moneys secured by the defendant corporation by its alleged fraud, and, if a jury find fraud as charged the statu quo must be restored by the company returning the money it received for worthless stock, if such be the finding of the jury.

Reversed and remanded.

HIGGINS, J. (concurring). I do not agree to all that is said in the majority opinion but will concur in the order reversing and remanding generally.

Actionable fraud on the part of Heineman and Phillips was shown which would entitle plaintiffs to rescind or to recover damages for the deceit. No fraudulent representation on the part of Albright was shown, but it was shown that he availed himself of the fraud committed by Heineman and Phillips, whereby he adopted and made the same his own.

As to the corporation, I doubt if a cause of action against it is shown by the evidence. A corporation is not liable for false representations concerning it made by its officers and stockholders for the purpose of selling their own individual stock. It rather seems to me that the evidence presents that state

of facts as to the corporation; but the testimony is so confusing that it is difficult, if not impossible, to definitely determine this matter, and, to the end that the facts may be fully developed, and liability fixed wherever it may properly lie, I concur in reversing as to the corporation also. See Ry. Co. v. Guzman (Tex. Civ. App.) 214 S. W. 628, and cases there cited. In that case it was said:

"Upon the record we would be authorized to affirm the judgment as to the Mine & Smelter Company, but, in cases such as is here presented, this court may affirm as to one defendant and reverse as to the other, or in its discretion the case may be reversed generally as to all defendants."

For the reasons indicated I concur in the reversal of the case generally as to the defendants Heineman, Albright, and the company.