KANSAS CITY, M. & O. RY. CO. v. COLE. (No. 8309.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 22, 1916. Rehearing Denied Feb. 19, 1916.)

1. PLEADING &166— REPLY — NECESSITY — VERIFIED ANSWER.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1829, providing that any fact pleaded by the defense that is not denied by plaintiff shall be taken as confessed, applies only to facts not in issue by reason of plaintiff's petition; and where plaintiff's petition alleged discovered peril and defendant denied it in its answer, plaintiff was not required to replead it, though the petition was not verified, while the answer was verified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. &166.]

2. PLEADING &412 — WAIVER — FAILURE TO REPLY.

The right of defendant to have special defenses pleaded and not denied by plaintiff taken as confessed may be waived by failure to call the attention of the court thereto in due time and invoke its action thereon.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. &412.]

3. APPEAL AND ERROR &1062—SUBMISSION OF ISSUES—HARMLESS ERROR.

Where, in an action for damages to an automobile struck by a train at a crossing, the petition alleged negligence in failing to keep the crossing in good condition for public travel and the jury found that the defective condition of the crossing was caused by the negligence of the railroad company and was the direct cause of the automobile stopping on the track, and that plaintiff was free from contributory negligence, the error in submission of the issue, "Was the defendant * * * guilty of negligence in colliding with plaintiff's automobile?" because not limited to the negligence pleaded and proved was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. &1062.]

4. TRIAL &350 — SPECIAL ISSUES — SUBMISSION.

The court in submitting to the jury the issue of negligence must limit the questions to the allegations of the petition and the evidence in support thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. &350.]

5. APPEAL AND ERROR &1062 — HARMLESS ERROR—SUBMISSION OF ISSUES.

Where, in an action for damages to an automobile struck by a train, the jury on the issue of the negligence of the railroad company in maintaining the crossing removed every probable cause of the accident, except the negligence of the company, the submission of the issue of negligence without a further charge either by the submission of a further issue, or by defining proximate cause, or both, was not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. &1062.]

6. TRIAL &352—ISSUES—SUBMISSION OF ISSUES.

The court need not submit all the questions involved in one issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. &352.]

7. APPEAL AND ERROR ☞882—QUESTIONS RE-
VIEWABLE—CONDUCT OF PARTY COMPLAIN-
ING IN TRIAL COURT.

A defendant urging on the trial that a ques-
tion was in issue may not on appeal complain
because the trial court submitted that issue.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ☞
882.]

8. RAILROADS ☞348—COLLISIONS AT CROSS-
INGS—NEGLIGENCE.

Evidence *held* to sustain a finding that a
railroad company negligently maintained a cross-
ing in an unsafe condition for travel.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1138–1150; Dec. Dig. ☞348.]

9. NEW TRIAL ☞102—GROUNDS—NEWLY DIS-
COVERED EVIDENCE—DILIGENCE.

A motion for new trial on the ground of
newly discovered evidence was properly denied
for want of due diligence to secure the testi-
mony at the trial where the moving party must
have known that an issue on which the newly
discovered testimony had a bearing would be
presented at the trial which took place several
months after the filing of the suit, especially
where the party had before the commencement
of the suit opportunity to make an investigation
of the facts.

[Ed. Note.—For other cases, see New Trial,
Cent. Dig. § 168; Dec. Dig. ☞102.]

Appeal from Haskell County Court; A. J.
Smith, Judge.

Action by R. W. Cole against the Kansas
City, Mexico & Orient Railway Company.
From a judgment for plaintiff, defendant ap-
peals. Affirmed.

H. G. McConnell and C. B. Long, both of
Haskell, for appellant. W. H. Murchison,
of Haskell, and Theodore Mack, of Ft.
Worth, for appellee.

BUCK, J. Suit was filed by plaintiff, ap-
pellee herein, in the county court of Haskell
county against the defendant railway com-
pany for damages in the sum of $500, which
it was claimed was the amount of damages
caused to his automobile by being struck
by one of defendant's freight trains. The
automobile was being driven by the plaintiff
himself, and had become stalled upon de-
fendant's track at a crossing on one of the
main streets in the town of Rule. Plaintiff
alleged negligence on the part of defendant
in the following respects: (1) That the train
was running at a high rate of speed as it ap-
proached the depot, which was near where
the accident occurred, while it was the
duty of the defendant under such circum-
stances to run its train at a low rate of
speed; (2) that the defendant saw, or could
have seen by the exercise of ordinary care,
the peril of plaintiff in time to have stopped
said train, but negligently failed to do so;
(3) that the defendant was negligent in fail-
ing to keep and maintain its railway crossing
in good condition for public travel thereover,
and in allowing the same to become rough
and unsafe, and negligently permitting holes
to be worn in said roadbed where it crosses
the line of railway, and that thereby plain-

tiff's automobile was roughly and violently
jolted and lurched, causing the engine there-
of to stop.

Defendant answered, denying categorically
the allegations of negligence in plaintiff's
petition, and, further, pleaded contributory
negligence on the part of plaintiff in attempt-
ing to cross the track in front of an ap-
proaching engine as he did. The cause was
submitted to a jury on special issues, and
from a judgment in favor of plaintiff in the
sum of $500, the defendant appeals.

[1, 2] Special issue No. 1, submitted at the
instance of the plaintiff, presented the issue
of discovered peril, and the jury found in
answer thereto that the servants of the de-
fendant in charge of the train discovered the
presence of the automobile on the track in
time to have stopped the train, and there-
by avoid the accident. Appellant's first as-
signment is directed to the action of the
court in submitting this issue to the jury,
inasmuch as plaintiff's petition alleging dis-
covered peril was not verified, while defend-
ant's answer specifically denying the allega-
tions of plaintiff on this point was verified;
while the virtual repeal by the Thirty-Fourth
Legislature of what is known as the "Verified
Pleading Act," passed by the Thirty-Third
Legislature, did not become effective until
subsequent to the trial of this case. Article
1829, before amendment by the Thirty-Fourth
Legislature read, in part, as follows:

"Any fact so pleaded by the defense that is
not denied by the plaintiff shall be taken as
confessed."

And it is urged that since no denial was
made by plaintiff in any supplemental or
amended pleading of the allegation in de-
fendant's answer that its servants in charge
of the train did not discover the perilous
position of plaintiff's automobile, that as to
this matter no issue existed to be submitted
to the jury, but the court should have found
in favor of defendant as to said issue.

We think the issue was properly presented
by the pleadings, and that plaintiff, having
pleaded discovered peril in his original peti-
tion and the defendant having denied it in
its answer, the plaintiff was not then re-
quired to replead it further. In Railway v.
Pennington, 166 S. W. 464, Judge Moursund
of the San Antonio Court of Appeals, in
referring to the portion of article 1829 above
quoted, says:

"This, of course, only applies to facts not al-
ready in issue by virtue of plaintiff's allega-
tions. To allege in affirmative language the con-
verse of what plaintiff has alleged does not
constitute new matter which must in turn be
controverted."

See, also, Memphis Cotton Oil Co. v. Tol-
bert, 171 S. W. 309; T. & P. Ry. v. Tomlin-
son, 169 S. W. 217. Further, the right of
defendant to have special defenses pleaded,
and not denied by plaintiff, taken as con-
fessed, may be waived by failure of defend-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant to call the attention of the court thereto in due time and invoke his action thereon. S. W. Telegraph & Telephone Co. v. Andrews, 169 S. W. 218. The assignment is overruled.

[3, 4] The second and third assignments allege error in the submission of the issue, and the overruling of defendant's objection thereto, "Was the defendant railway company guilty of negligence in colliding with plaintiff's automobile?" to which issue the jury answered, "Yes." It is urged that plaintiff having pleaded the specific acts of negligence relied upon by him for his recovery, it was reversible error for the trial court to instruct the jury upon the issue of negligence without confining the finding to the specific acts alleged. We think the issue as given is subject to the criticism made. Undoubtedly, it is proper for the court, in the submission of the question of negligence to the jury, to limit its application to the allegations of plaintiff's petition, as further circumscribed by the evidence, and not to allow the jury to speculate or surmise as to grounds of negligence not pleaded; but inasmuch as the jury found in answer to issue No. 5 that the defendant failed to use ordinary care to maintain its track across the street over which plaintiff was traveling at the time of the accident in such a condition that it would be reasonably safe for persons traveling along or across said street in automobiles, or otherwise, to cross said track; and inasmuch as in answer to issue No. 6 they further found that the condition of defendant's track at the place of crossing caused plaintiff's automobile to stop and stall upon the railway in front of the approaching train, and inasmuch as in answer to special issue No. 1 submitted by defendant the jury found that the plaintiff was not guilty of contributory negligence "in going upon the railway track at the time and under the circumstances shown in this case," and in answer to special issue No. 2 submitted by defendant they further found that plaintiff was not guilty of negligence in connection with the stopping of his car upon the track of the defendant railway company, and in answer to special issue No. 3 that he was not guilty of contributory negligence in failing to apply gasoline to the engine of his automobile after the same had stopped on the track, we are of the opinion the error is harmless. By the findings mentioned the jury, in effect, found that the condition of the crossing was the direct cause of plaintiff's automobile stopping on the track, and that said condition was caused by the negligence of defendant, and that plaintiff was not guilty of contributory negligence in any of the respects alleged. Therefore, if the charge above given is subject to the criticism of being too general, yet, by further findings, the jury have answered specifically issues which are sufficient to support the judgment. Therefore the assignments are overruled.

[5-7] Objection is urged in the fourth assignment to the submission of issue No. 5, to wit:

"Did the defendant use ordinary care to maintain its track across Main street in the town of Rule in such a condition that it would be reasonably safe for persons traveling along or across said street in automobiles, or otherwise, to cross said track?"

It is urged that it is immaterial for the jury to find an answer to this special issue, because the only issue necessary to be determined is, whether or not the failure to maintain said track in the condition referred to was the direct or proximate cause of the injuries complained of by plaintiff. We fail to see any merit in this assignment. While it is true that before the jury could be authorized to find a defendant liable for a given act of negligence, it would be necessary to further establish that such negligence was the proximate cause of the injury complained of; yet the court is not required nor is it proper to submit all the questions involved, or even all the questions pertaining to alleged negligence of defendant, in one issue. It certainly was an issue properly to be submitted to the jury, as to whether the crossing was maintained by defendant in a reasonably safe condition for persons in automobiles using the same, and that question has been answered by the jury adversely to appellant. Then it was further an issue whether or not such negligence in maintaining the crossing as it was maintained was a proximate cause of plaintiff's damage. No charge was requested by defendant submitting the issue, nor was any definition of proximate cause requested, and we think that, since the jury has by a process of elimination, removed every probable cause of the accident, except the defendant's negligence, that the failure of the court to further charge upon this question, either by submission of a further issue, or by defining proximate cause, or by both, does not constitute prejudicial error. This conclusion is further strengthened by the fact that in its objections to the submission of issue No. 4, defendant urged the error of submission upon the grounds:

"(a) Said issue is not confined to any issue of negligence disclosed by plaintiff's pleadings; (b) the only issue of negligence upon which issue is joined, so far as defendant is concerned, is whether or not the defendant, its agent or employés, discovered, or by the exercise of reasonable diligence could have discovered, the presence of the plaintiff's automobile upon its track in time to have avoided the injury, and whether or not defendant maintained its track and roadbed at the place where the public street in the town of Rule, Tex., crossed the same, in such condition as that it was reasonably safe for travel crossing the same."

Defendant having admitted, and having even urged, that it was an issue as to whether the defendant maintained its track and roadbed at the place specified in such condition as that it was reasonably safe for travel along the same, cannot be heard to

complain that the court did submit, in effect, that issue.

[8] The fifth assignment complains that:

"The verdict of the jury is unsupported by the evidence, for the reason that there is no evidence of record showing, or tending to show, that defendant did not use ordinary care to maintain its track in a reasonably safe condition for persons traveling or crossing the same," etc.

We cannot agree to this contention. W. F. Looper, who was defendant's section foreman at the time of the trial and was a section hand at the time of the accident, testified that every morning the section crew placed cinders at this crossing; that on account of the heavy travel over the crossing, the cinders would blow out; that they put cinders on this crossing on the morning before the accident and the morning thereafter. He further testified that it was true that some material might have been used which would not so readily blow away. Further, the testimony of plaintiff and other witnesses tended to show that in addition to there being "chug holes" and other inequalities in the crossing, caused by the absence of sufficient fill, the boards placed next to the rails had become warped and broken. Furthermore, defendant, as stated in the consideration of the fourth assignment, having admitted that the pleadings and evidence did justify the submission of the issue of defendant's failure to keep its track in good condition for travel, is in a poor position to now attack the finding of the jury upon this question as being unsupported by the evidence.

[9] Appellant, in its sixth assignment, urges the court erred in not granting it a new trial on account of newly discovered evidence. The new evidence relied on is set forth in the affidavits of two automobile experts who depose that, subsequent to the trial and at the instance of defendant, they went out to Rule from Haskell and examined the automobile which was in plaintiff's garage, and apparently in the condition it was immediately after the accident, and carefully determined the cost of putting said automobile in as good condition as it was immediately prior to the accident, and that said cost would not exceed $306.35. We do not think that appellant shows due diligence to secure this character of testimony at the time of the trial. It is true that in its verified motion for new trial counsel for defendant states that up to the time of the trial defendant did not know that plaintiff's automobile had not been repaired, and that it still remained in the damaged condition, but reasonably supposed that it had long since been repaired and restored to a running condition; and that upon plaintiff's testifying that his automobile was in his garage and in the same condition as it was immediately subsequent to the accident, defendant, as soon thereafter as it reasonably could, caused these two experts to go to Rule and examine said automobile and determine the cost of repairing the same, so that it would be in as good condition as before the accident. We think, unquestionably, defendant must have known that it would be an issue as to the probable cost of repairs to the automobile in question, and that its failure to make the proper investigation during the time intervening between the filing of the suit, November 11, 1914, and the trial of this cause, March 8, 1915, does not make the showing of diligence required as to newly discovered evidence. Moreover, plaintiff, in a controverting affidavit, not only specifically denies that his automobile was damaged less than $500, as found by the verdict of the jury, but further states and shows that on the day after the accident, to wit, October 21, 1914, the plaintiff went to the defendant's local agent in the town of Rule and requested him to notify the proper parties to send a proper and competent person to make a thorough inspection of the nature and extent of the damages to his car, to the end that his claim for damages thereto might be adjusted; that the local agent signified that he would immediately notify the proper authorities; that the automobile was left in the exact condition as it was immediately after the accident alongside of defendant's railway until the 22d or 23d of October, when Ed Mobly, the claim agent of defendant, came to Rule, talked to plaintiff and other witnesses, and made a thorough investigation and minute inspection of damages done to the automobile; that after the accident to plaintiff's car and after the car had been moved to plaintiff's home, it had been kept in his garage in sight of defendant's station at Rule and within 300 or 400 yards of its railway track where the accident occurred. Other averments are contained in this controverting affidavit which tend to discredit defendant's claim of diligence; but sufficient has been shown, we think, to justify us in holding that the trial court did not err in overruling the motion for new trial on account of the showing made by defendant as to newly discovered evidence.

Finding no reversible error in the record and judgment of the trial court, the judgment is in all things affirmed.