**ROSENTHAL DRY GOODS CO. v. HILLE-BRANDT.  (No. 1341.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 21, 1926. Rehearing Denied March 3, 1926.)

1. **Trial ⟾352(4) — Submission of special issue as to defendant's negligence, failing to confine jury to negligent acts stated in petition, held affirmative error (article 1984a, as added to Rev. St. 1911, by Acts 33d Leg. [1913] c. 59, § 1 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a]).**

Submission of special issue as to whether manner in which defendant's truck was driven was negligent, which was only reference to negligence, held affirmative error, as failing to confine jury to consideration of negligent acts specifically alleged in plaintiff's petition, as required by article 1984a, as added to Rev. St. 1911, by Acts 33d Leg. (1913) c. 59, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a).

2. **Negligence ⟾119(7)—Recovery can only be had on grounds of negligence alleged.**

Plaintiff in action for negligent injury can recover only on one or more of grounds of negligence alleged in petition, and cannot recover for negligence not alleged and relied on in petition.

3. **Appeal and error ⟾218(2) — Request that special issues of negligence be properly submitted is not necessary to maintain objection to special issue failing to confine jury to allegations of petition.**

Where submission of special issue as to defendant's negligence is erroneous as failing to confine jury to allegations of petition, it is not necessary for defendant to require that special issue of negligence be properly submitted in order to maintain objection to issue as submitted.

4. **Appeal and error ⟾218(2).**

For defendant to complain of court's refusal to submit his affirmative defensive issues, he must prepare and request such issues.

5. **Evidence ⟾123(11)—Evidence of statement by driver of truck injuring plaintiff that truck had no lights, made 5 or 10 minutes after accident and after all parties had left, to witness apprehending him for questioning, held hearsay and not admissible as res gestæ.**

In action for injuries caused by defendant's truck colliding with plaintiff's buggy, evidence of witness, who purposely stopped driver of truck for questioning while leaving scene of accident about 5 or 10 minutes after all parties connected therewith had left scene, that driver stated truck had no lights and that he was cause of accident, was not admissible under rules of res gestæ, but was hearsay, and its admission was reversible error.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Eliza Hillebrandt against the Rosenthal Dry Goods Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. A. Lord, of Beaumont, for appellant. A. L. Shaw, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee, Miss Eliza Hillebrandt, filed this suit in one of the district courts of Jefferson county against appellant, Rosenthal Dry Goods Company, to recover damages for personal injuries alleged to have been sustained by her in consequence of a collision between one of appellant's motor trucks and appellee's buggy, in which she was at the time riding, resulting in the destruction of the buggy, injuries to the horse, and certain personal injuries, which she specified in her petition.

It was alleged that the collision and injuries and damages suffered by appellee were proximately brought about and caused by negligence on the part of appellant and its servant and employee who was driving the motor truck for appellant and who was then in the discharge of his duties as such employee. The accident occurred on the evening of November 19, 1920, between 6:30 and 7 o'clock, in the following manner: The appellee lived a few miles south of the city of Beaumont, in Jefferson county, and on the evening of the accident she started from her home about dusk, traveling in her buggy, to come to the city of Beaumont. At the time of the accident appellee was traveling north on Highland avenue, a public highway or street leading into the city of Beaumont from the neighborhood where appellee lived. At a certain point of Highland avenue one of appellant's motor trucks, which it used for

the delivery of dry goods sold at retail, and which was being driven by one of its employees, and which was going at that time south on Highland avenue, came into contact and collision with appellee's horse and buggy, turning the buggy over and.injuring the, horse and throwing appellee to the ground, from which she sustained personal injuries. It was after dark when the accident happened, and plaintiff alleged, substantially, that she never discovered the approach of the automobile until it was right close to her buggy, and that she was unable to get out of its way, and that, on account of the negligence of which appellant and its driver were guilty, her buggy was struck, and all the injuries and damages were proximately caused by such negligence. The appellee specified particularly and in detail the negligent acts and omissions, on the part of appellant and the driver of the motor truck, upon which she relied for recovery of damages. These alleged negligent acts and omissions were specifically charged as follows:

"(a) Because said automobile truck was being driven and operated by the defendant's agent and servant at a high, reckless, and dangerous rate of speed, to wit, in excess of 25 miles an hour in violation of the law of the state of Texas, and also in violation of his duties to plaintiff and to others similarly situated and to the public in general, thereby permitting and causing the said automobile truck to run and strike the said buggy, thereby damaging same and injuring the plaintiff.

"(b) That the said agent and employee of the defendant, being then in the discharge of the duties of his employment, in driving the said automobile truck upon said highway during the period of one-half hour after sunset to one-half hour before sunrise, failed to carry at the front of the said automobile truck a lighted lamp showing a white light, visible under normal atmospheric conditions at least 500 feet in the direction towards which the said motor vehicle was facing, the said motor vehicle being then and there driven towards and facing the buggy in which the plaintiff was riding.

"(c) In that the said agent and employee of defendant while in the discharge of the duties of his employment, in driving the said automobile truck on the occasion in question and in the nighttime and after dark, drove the same to and towards the buggy in which the plaintiff was riding, without having and displaying lights thereon so that the same was visible to plaintiff, and did then and there drive the said automobile truck into and strike the said buggy in which the plaintiff was riding, damaging the said buggy and injuring the plaintiff as herein alleged.

"(d) In that the said agent and employee of the defendant, while in the discharge of the duties of his employment, drove said automobile truck on the occasion in question upon the public highway after dark without lights which would enable the plaintiff and others using said highway to see the approach of the said automobile truck and avoid being struck by same, and did then and there run into and strike the buggy in which plaintiff was riding damaging the same and injuring the plaintiff as herein alleged.

"(e) In that the said agent and employee of the defendant, while in the discharge of the duties of his employment, driving said automobile truck upon said highway where the territory contiguous thereto was closely built up, drove said automobile truck at a greater rate of speed than 18 miles per hour, and did then and there, recklessly and carelessly, in violation of law, operate said truck on said highway, striking the buggy in which the plaintiff was riding, damaging same and injuring the plaintiff as herein alleged.

"(h) In that the defendant's said agent and employee, while in the discharge of the duties of employment, upon the occasion in question, failed to drive, operate, and steer said automobile truck so as to avoid striking, but permitted the same to strike, the buggy in which the plaintiff was riding, damaging the same and injuring the plaintiff as herein alleged.

"(i) That the defendant failed to furnish its agent and employee, while in the discharge of his duties of said employment, with proper lights so as to permit the driver thereof while operating truck in the dark to see the approach of a vehicle, or to permit the drivers of other vehicles to see the approach of the truck."

Appellant answered, as far as is necessary to here state, by general demurrer and general denial. The case was tried with a jury, upon whose answers to what the trial judge termed "special issues," judgment was rendered in favor of appellee for $5,000, from which this appeal is prosecuted.

[1] A number of assignments of error and propositions under them are advanced by appellant for reversal, but we deem it necessary to specifically mention only two of appellant's contentions. The only attempt on the part of the trial court to submit for the jury's consideration any issue of negligence on the part of appellant was the following:

"Special Issue No. 2: Do you find from a preponderance of the evidence under the facts and circumstances of this case that the manner in which the truck was driven on that occasion in question was negligence? Answer this question yes or no."

The jury answered this question, "Yes." Before the charge was given to the jury, appellant's counsel filed written objections to the submission of this so-called special issue in the manner and form as given, on several different grounds, one of which was that the special issue as framed did not submit for the jury's consideration any ground of negligence pleaded by the plaintiff, but, on the contrary, the form of the issue No. 2 was such as to leave the jury, in making its answer, without bounds or limitation as to any act of negligence pleaded by the plaintiff, and permitted the jury to find that appellant's driver of the automobile truck was guilty of negligence regardless of whether pleaded by appellee or not. In other words, the substance of appellant's main contention on this point is that the issue of negligence, as submitted, in no manner confined the jury to a consideration of any act of negligence

upon which the plaintiff relied for recovery and which was specifically stated in her petition. The trial court overruled appellant's objection to the manner and form of the issue No. 2, and appellant has properly assigned that action for our consideration.

We have no doubt that the trial court was in error in overruling appellant's objection to the form of special issue No. 2 and in submitting that issue as he did. It is to be seen at a glance that the jury, by reason of the manner and form of issue No. 2, were in no respects limited or confined in their consideration of the question to any one or more of the acts of negligence specifically relied upon by plaintiff for recovery. We think that the court was required, under article 1984a, Revised Statutes, as added by Acts 1913, c. 59, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a), to submit for the jury's consideration some one or more of the specific grounds of negligence alleged in the plaintiff's petition, if the trial court considered that the evidence had raised such pleaded negligence, but the trial court should not have turned the jury loose as he did, without bounds or limitation, to answer that the manner in which appellant's truck was driven at the time in question amounted to negligence. Such error on the trial court's part was affirmative error.

[2] It is a well-settled rule in this state that a plaintiff in a case of this character must recover, if at all, upon some one or more of the grounds of negligence alleged in the petition, and can never properly recover damages for negligence on the part of the defendant not alleged and relied upon in the petition. This rule is so well settled in Texas that no citation of authority ought to be necessary; but see Railway Co. v. Pryor (Tex. Civ. App.) 238 S. W. 1040; Debes v. Greenstone (Tex. Civ. App.) 247 S. W. 289.

Article 1984a, supra, provides:

"In all jury cases the court * * * shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately."

[3, 4] Now appellee, in reply to appellant's contention on this point, contends that it was incumbent upon appellant, if it desired any other special issue than that submitted by the court, to prepare it in proper form and request the trial court to submit it, and that since appellant did not do that it cannot complain of special issue No. 2, as submitted. We cannot agree with appellee's able counsel in this contention. The rule that he invokes would have reference to affirmative defensive special issues, had appellant desired to have any such submitted for the jury's consideration. Appellant's complaint is not that the court failed to submit any special defensive issue, but that the court

should have confined the jury, in submitting plaintiff's issues, to those that were pleaded by her. Of course, had appellant made by pleading and evidence affirmative defensive issues, and the court, in its main submission, had declined to submit them, then, in order that appellant might have complained of the court's failure to submit such defensive issues, it would have been required to prepare and request of the court such issues, but surely appellee's contention here that appellant was required to request the plaintiff's special issues of negligence to be properly submitted before it could complain of the issue that was here submitted by the court cannot be sustained.

It follows that we are of the opinion that the court was in error in submitting the issue of negligence to the jury, as contained in special issue No. 2, and that the judgment, for that error, must be reversed. This would dispose of the appeal, but, in view of the probability of another trial, we will briefly mention another contention made by appellant:

[5] On the trial of the case, one of appellee's witnesses, E. W. Boynton, was permitted, over timely objection made by appellant, to testify to certain statements made by the driver of appellant's motor truck after the collision in question had occurred. The substance of this witness' evidence was that between 5 and 10 minutes after the collision, and after Miss Hillebrandt had been removed to the hospital from the scene of the accident, and after the driver of the motor truck had gone from the scene of the accident in the discharge of his duties and was returning north on Highland avenue, and when in about 100 yards of the scene of the accident, the witness and his brother met appellant's driver of the motor truck and purposely blocked his passage on the highway for the purpose of detaining him and ascertaining from him how the collision which resulted in the accident to Miss Hildebrandt occurred, and who was at fault in the matter. The witness asked appellant's driver, under these circumstances, if the lights on the motor truck were burning at the time of the collision, to which the driver answered they were not. The witness then asked the driver why the lights were not burning, to which the driver replied "because there wasn't any lights on the truck," or that they were not burning because he did not have any. The witness further asked the driver who was the cause of the collision and injuries, to which the driver, according to the witness, stated that he, the driver, was the cause of it. This testimony was objected to by counsel for appellant on the ground that it was hearsay and not binding upon appellant, and was prejudicial to appellant, and, further, that the statement of the driver, if he made it, that he was the cause of the collision, was but the expression of an opinion on his part, and

that appellant was not bound by that. The court overruled appellant's objection to this testimony, and it saved its bill. We think that it is clear that the statements made by the driver of the truck to the witness Boynton, under the circumstances as we have shown them, were but hearsay, and that this testimony was prejudicial to appellant. It is true that Boynton testified that it was between 5 and 10 minutes after the collision had occurred that he had this conversation with appellant's driver, but it is also shown without contradiction by the record that all parties connected with the collision had left the scene of the accident, Miss Hillebrandt having been removed to the hospital, and the driver had gone on in the discharge of his duties as driver of the motor truck, and was returning to the city of Beaumont, and when in a distance of about 100 yards of the scene of the accident he was stopped and detained by the witness Boynton, to be interrogated touching the manner and cause of the accident.

In view of these uncontradicted facts, we have no hesitancy in saying that in our opinion the testimony of the witness Boynton was not admissible under the rules of res gestæ, and certainly it could not be admissible under any other rule. Wall & Stabe Co. v. Berger (Tex. Civ. App.) 212 S. W. 975, and the authorities there cited; Dewalt v. Railway Co. (Tex. Civ. App.) 55 S. W. 334, and authorities there cited; 22 Corpus Juris, 469. The court was in error in permitting the introduction of the testimony of the witness Boynton, as complained of by appellant, and it is our opinion, based upon the state of the record, which we shall not discuss in detail, that the admission of this evidence was reversible error.

There are other contentions made by appellant, but we think that none of them show reversible error, and it is probable that none of the matters complained of under these assignments will occur upon another trial, and we therefore pretermit any discussion of them.

Judgment reversed, and cause remanded.