**TYRRELL HARDWARE CO. v. ORGERON.**
(No. 1434.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 22, 1926. Rehearing Denied Jan. 5, 1927.)

1. Trial ⬤⟞352(4)—Submitting issue as to whether driver was negligent in operating truck held error as not confined to specific allegations of negligence.

In action for injuries which was submitted to jury on special issues, submitting issue as to whether driver was negligent in operating truck at time of accident *held* error, as special issues must be confined to specific allegations of negligence as contained in petition.

2. Trial ⬤⟞352(4)—Where case is submitted upon special issues, only specific acts of negligence, alleged and proved, should be submitted.

Where case is submitted upon special issues, only specific acts of negligence, alleged in petition and supported by evidence, should be submitted for jury's consideration.

3. Appeal and error ⬤⟞544(1)—Assignment of error, properly excepted to for improper submission of special issue, could be considered, though no bill of exceptions was filed at trial.

In action for injuries submitted to jury on special issues, defendant, who interposed written objections to submission of one of issues, was not required to present formal bill of exceptions to trial court relative to ruling, to secure review on appeal.

4. Damages ⬤⟞38, 46—Permitting jury, in action by unemancipated minor for injuries, to consider decreased earning capacity and father's expenses for hospital and physicians held error.

In action for injuries by 17 year old boy, who had not been emancipated, in which father claimed to have incurred hospital and physicians' bills, submission of measure of damages as amount which would compensate plaintiff for injuries, and for hospital and physicians' bills, and for decreased earning capacity *held* error.

5. Damages ⬤⟞38—Unemancipated minor, in action for injuries, could not recover for decreased earning capacity for time prior to majority.

In action by 17 year old boy for injuries, boy, not being emancipated, could not recover for diminished earning capacity between date of injury and time he would reach majority.

6. Damages ⬤⟞46—Unemancipated minor, in action for injuries, could not recover for hospital and medical bills incurred by father.

In action by 17 year old boy for injuries, no recovery could be had for hospital or medical bills incurred by father, boy being unemancipated.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Albert Orgeron, by his next friend and father, Emile Orgeron, against the Tyrrell Hardware Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Hunt & Teagle, of Houston, for appellant. Howth, Adams & Hart, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Albert Orgeron, by his next friend and father, Emile Orgeron, against appellant, Tyrrell Hardware Company, to recover damages for personal injuries alleged to have been sustained by the plaintiff in consequence of negligence on the part of appellant.

Stated briefly, it was alleged in the plaintiff's petition that on a certain day he was riding his motorcycle on Crockett street, in the city of Beaumont, and that, at or near the intersection of Crockett street with Railroad avenue, his motorcycle was struck by an automobile truck that was driven by an employee of appellant, and that plaintiff was knocked or thrown from the motorcycle and sustained certain personal injuries, which he described in his petition, and that his motorcycle was also damaged to the extent of $65.

Plaintiff alleged that appellant's driver was guilty of negligence in seven different particulars, and it is unnecessary to here state these specific allegations of negligence.

Appellant answered by general demurrer and general denial and by specific pleas of contributory negligence on the part of the plaintiff, Albert Orgeron, and these specific allegations are unnecessary to be stated here.

The case was tried with a jury and was submitted upon special issues, and, upon the verdict of the jury in answer to these issues, judgment was rendered in favor of appellee, Albert Orgeron, for the aggregate amount of $3,000, and from that judgment this appeal is prosecuted.

[1] After defining negligence, ordinary care, proximate cause, and contributory negligence, the trial court submitted to the jury special issue No. 2, which was as follows:

"Was the driver of defendant's truck, in the operation of said truck at the time of the accident, guilty of negligence?"

To this question the jury answered, "Yes."

Before the court's charge and submission of issues was read to the jury, and in due time, counsel for appellant presented to the trial judge his written objections and exceptions to the court's charge, one of which exceptions and objections was that issue No. 2, just

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 2, 1927.

above quoted, was too general and did not confine the jury to any specific allegation of negligence contained in the appellee's petition. This objection was overruled by the trial court, and that action is assigned as error by appellant, and the assignment must be sustained.

[2] It is well settled by the authorities in this state that a plaintiff in a case of this character can only recover damages upon some one or more of the acts of negligence alleged in his petition, and, when the case is submitted upon special issues, only the specific acts of negligence alleged in the plaintiff's petition and supported by evidence should be submitted for the jury's consideration. Rosenthal Dry Goods Co. v. Hilldebrandt (Tex. Civ. App.) 280 S. W. 882; Northern Texas Traction Co. v. Gilbert (Tex. Civ. App.) 282 S. W. 850, and authorities there cited; Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; Fox v. Dallas Hotel Co., 111 Tex. 475, 240 S. W. 517.

[3] Counsel for appellee, by several counter propositions in this connection, insist that we should not consider appellant's assignment of error challenging the action of the trial court in submitting special issue No. 2, as above shown, for the reason that appellant has not presented that matter to this court by a bill of exceptions, taken to the action of the trial court in overruling appellant's objection to the issue as presented to the trial court. In other words, counsel for appellee contend that, in order for appellant to urge that the submission of special issue No. 2 was erroneous, appellant was required to except to the ruling of the trial court at the time appellant's written objections to the charge were overruled, and that the written objections to the charge, though showing that appellant's objections were all overruled and that action duly authenticated by the official signature of the trial judge, is not sufficient to present the matter to this court. We overrule this contention. We are unable to understand why appellant, after timely written objections to the court's charge and invoking the court's action thereon, should also be required to present to the trial court a formal bill of exceptions relative to the same ruling. No statute of which we are aware required such action on the part of appellant, nor is there any court rule of which we are aware that required such action on the part of appellant. The written objections presented by counsel for appellant to the court's charge show that they were presented before the charge was read to the jury, and that all objections, including that to special issue No. 2, were overruled, and, as we have stated, this action was duly authenticated by the trial judge, and that action is made a part of the record in this case. A formal bill of exceptions, had it been presented to the trial judge by appellant in this connection, could have only had the effect to duplicate in the record what had already been done by the written objections presented by appellant to the court's charge at the proper time.

[4] There is another error assigned by appellant for reversal of this judgment which we are compelled to sustain. The father of the plaintiff, Emile Orgeron, also claimed damages against appellant for the injuries sustained by his son, Albert Orgeron, as a result of the alleged negligence on the part of appellant, in this: The father alleged that in consequence of the injuries sustained by his son, Albert, the latter was confined in the hospital for a period of 21 days, and that he, the father, had incurred and paid hospital bills, aggregating $265, for his son, Albert, and doctors' bills, aggregating $209, for the services performed by physicians in treating his son for his alleged injuries, and also that he had lost the value of his son's earnings until he would have arrived at his majority, and also that he was compelled to pay the expense of repairs to the plaintiff's motorcycle, which was $65. The father alleged that all these damages sustained by him amounted to $2,500.

The only measure of damages anywhere submitted by the court's charge was as follows:

"What amount, if paid now, would reasonably and fairly compensate the plaintiff for the personal injuries to him, and damages to his motorcycle, and his hospital and physicians' fees, and such physical pain and mental anguish as plaintiff may have sustained, and by reason of his decreased earning capacity, if any?"

In answer to this question, the jury answered, "$3,000."

This issue was duly objected to before it was submitted to the jury, and the objection was overruled, and, upon the jury's verdict, judgment was rendered in favor of appellee, Albert Orgeron, for the lump sum of $3,000.

[5, 6] The action of the trial court in this connection, in submitting the next above issue, as he did, and in rendering judgment upon the jury's verdict, as the trial court did, is duly assigned as error in this court. It is conceded by counsel for appellee that the plaintiff, Albert Orgeron, was not entitled to recover judgment for the hospital bills and physicians' bills which were sued for by his father, and it is also conceded by counsel for appellee that the plaintiff, Albert Orgeron, was not entitled to recover anything for his diminished capacity to earn money between the date of his injuries and the date that he would arrive at his majority. Albert Orgeron was about 17 years old at the time of the alleged injuries in this case, and he had not been emancipated by his father, but, on the contrary, the evidence shows that he was living with his father and was under his fa-

ther's control at the time he was injured. This being so, the plaintiff, Albert Orgeron, was not entitled to recover anything for diminished capacity to earn money between the date that he was injured and the time he would have reached his majority. Nor was he entitled to recover for the hospital or medical bills incurred by his father. Therefore the court's submission of the measure of damages, permitting the plaintiff, Albert Orgeron, to recover for decreased capacity to earn money between the date of his injuries and the time he would have reached his majority, and for the hospital and medical bills, was erroneous and necessitates a reversal of this judgment.

There are other errors assigned by appellant for reversal of this judgment, but, in all probability, these will not arise upon another trial, and it is unnecessary to discuss them. For the errors indicated, the judgment of the trial court is reversed and the cause remanded.