**DARDEN v. DENISON. (No. 566.)***

Court of Civil Appeals of Texas. Waco. Oct. 6, 1927.

Rehearing Denied Dec. 1, 1927.

**I. Trial ⚌352(4)—Special issue submitting defendant's negligence in respect to accident held erroneous, as not confining jury to acts of negligence alleged.**

Submission of special issue in action for injuries as to whether defendant was guilty of negligence "in respect to the incident under consideration and on the occasion in question" *held* error, on account of failure of issue submitted to confine jury to act or acts of negligence alleged in the petition, and because of failure to separate particular acts of negligence alleged.

**2. Trial ⚌352(4, 5)—Only acts of negligence alleged and supported by evidence should be submitted and separate grounds of negligence should be submitted by separate issues.**

In submitting action for injuries on special issues, court should submit only acts of negligence alleged in plaintiff's petition and supported by the evidence, and each ground of negligence should be submitted by separate issue.

**3. Trial ⚌352(5)—Refusal to submit separate defenses of motorcyclist's contributory negligence in reckless driving and failure to keep proper lookout to avoid collision held error (Rev. St. 1925, arts. 2189, 2190).**

In action for injuries sustained when plaintiff's motorcycle collided with defendant's truck, in which defendant alleged contributory negligence in plaintiff's reckless driving and in plain-

tiff's failure to keep proper lookout, proximately causing collision, refusal of trial court to submit separate affirmative defenses so presented *held* error, under Rev. St. 1925, arts. 2189, 2190, where there was evidence supporting the defenses, and issues submitting each ground of negligence were tendered.

**4. Appeal and error ⚌1062(1)—Trial court's refusal to submit separately defensive issue properly tendered warrants reversal (Rev. St. 1925, arts. 2189, 2190).**

Refusal on part of trial court to submit any defensive issue separately, when properly tendered by defendant, is ground for reversal, under Rev. St. 1925, arts. 2189, 2190.

**5. Trial ⚌350(7)—Motorcyclist traveling at not over 20 miles an hour held not, as matter of law, absolved from liability for contributory negligence, because of excessive speed, so as to justify refusal of issue (Pen. Code 1925, arts. 789, 790).**

That Pen. Code 1925, art. 789, authorizes motor vehicles under certain conditions to be operated at 20 miles an hour, *held* not to absolve plaintiff, driving motorcycle at that speed, from contributory negligence as matter of law, so as to justify trial court's refusal to submit issue of contributory negligence in plaintiff's alleged excessive speed and reckless driving to jury, under article 790, prohibiting such speed as will endanger life and limb or safety to property.

**6. Negligence ⚌136(14)—Question of negligence is primarily one of fact for jury.**

Question of negligence is one primarily of fact for the jury to determine, under proper instructions from the court.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by J. R. Denison against W. E. Darden. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. M. Fitzpatrick, of Waco, for appellant.
F. R. Valentine and W. L. Eason, both of Waco, for appellee.

BARCUS, J. Appellee instituted this suit against appellant, seeking to recover damages for personal injuries which he sustained by reason of his motorcycle, which he was riding, having collided with an automobile truck owned by appellant. It appears that appellant owned a lumber yard, and that one of his trucks, which was used for the delivery of lumber, was returning to the yard, and as the driver thereof turned to the left, to cross the street and go into the lumber yard, appellee, riding his motorcycle, ran into said truck and was injured, and his motorcycle damaged. Appellee alleged that the driver of the truck, without blowing the horn, or holding out his hand, or giving any other kind of signal, turned suddenly to the left on the street directly in front of appellee, and that his acts in so doing were negligence, which caused the injuries.

As a defense appellant alleged that appellee was guilty of contributory negligence, in that he was riding at a high, reckless, and dangerous rate of speed, and, further, that appellee was guilty of contributory negligence, in that he did not keep a proper lookout for other traffic on the street and did not have his motorcycle under proper control. The cause was submitted to a jury on special issues, and resulted in judgment being entered for appellee for $2,500 damages.

[1, 2] The only issue of negligence on the part of appellant submitted by the court was special issue No. 1, as follows:

"Was the defendant, acting through its agent, servant, and employee, at the time and place in question, guilty of negligence, as that term has been herein defined, in respect to the incident under consideration and on the occasion in question?"

To which the jury answered, "Yes." Appellant assigns error to the action of the trial court in overruling his exceptions and objections to said issue, because it did not confine the jury to the act or acts of negligence alleged in the petition, and because it did not separate the act or acts of negligence alleged by plaintiff against the defendant, and because it permitted the jury to find the defendant guilty of acts of negligence which were not contained in the petition. We sustain this assignment. Almost the identical question here presented was decided in Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882 (error dismissed), where the court, in disposing of the question, stated:

"We have no doubt that the trial court was in error in overruling appellant's objection to the form of special issue No. 2, and in submitting that issue as he did. It is to be seen at a glance that the jury, by reason of the manner and form of issue No. 2, were in no respects limited or confined in their consideration of the question to any one or more of the acts of negligence specifically relied upon by plaintiff for recovery. * * * The trial court should not have turned the jury loose, as he did, without bounds or limitation, to answer that the manner in which appellant's truck was driven at the time in question amounted to negligence."

In Tyrrell Hardware Co. v. Orgeon (Tex. Civ. App.) 289 S. W. 1040 (writ refused), wherein plaintiff was seeking to recover damages which he had suffered by his motorcycle being struck by an automobile, the court used this language:

"It is well settled by the authorities in this state that a plaintiff in a case of this character can only recover damages upon some one or more of the acts of negligence alleged in his petition, and when the case is submitted upon special issues, only the specific acts of negligence alleged in plaintiff's petition and supported by evidence should be submitted for the jury's consideration."

To the same effect is the holding in the case of Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304. The trial court should submit only the acts of negligence alleged in plaintiff's petition and supported by evidence, and each separate ground of negligence should be submitted by a separate issue.

[3, 4] Appellant complains of the action of the trial court in refusing to submit his affirmative defenses. We sustain these assignments. Appellant alleged, and offered evidence in support thereof, that the defendant was guilty of contributory negligence in riding his motorcycle at a high, reckless, and dangerous rate of speed and that same was the direct and proximate cause of the injury, and tendered to the court issues submitting this defense. Appellant further alleged and offered testimony in support thereof, that appellee was guilty of contributory negligence in failing to keep a proper lookout, and tendered issues to the court submitting this ground of negligence. Articles 2189 and 2190 of the Revised Statutes of 1925 require the trial court to submit separately each issue raised by the pleadings and evidence of either party. The courts have uniformly held that a refusal on the part of the trial court to submit any defensive issue separately when properly tendered by defendant is ground for reversal. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350; St. L., S. F. & T. R. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; Texas & Pacific Ry. Co. v. Perkins (Tex. Civ. App.) 284 S. W. 683.

[5, 6] Appellee contends that appellant was not entitled to have the issue as to whether he, appellee, was driving his motorcycle at a high and dangerous rate of speed submitted to the jury, because the court did submit the issue and the jury found that appellee was not riding his motorcycle at a rate of more than twenty miles per hour; appellee's contention being that he had a right under article 789 of the Criminal Code 1925 to ride his motorcycle 20 miles an hour. We cannot agree with appellee's contention. Article 790 of the Criminal Code of 1925 provides that no person shall operate or drive a motor vehicle upon the public highways at such a rate of speed as to endanger the life or limb of any person or the safety of any property. Said statutes do not attempt to prescribe what would or would not be a negligent rate of speed for the driver of a motor vehicle to travel. The question of negligence is one primarily of fact for a jury to determine under proper instructions from the court. The mere fact that the statutes authorize a motor vehicle, under certain conditions, to be operated at 20 miles an hour, does not mean, and should not be construed to say, that a

person driving a motor vehicle at 20 miles per hour could not be guilty of negligence, regardless of the circumstances and conditions that might exist.

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.