### CITY OF FORT WORTH v. WARE.
(No. 11867.)

Court of Civil Appeals of Texas. Fort Worth.
Nov. 5, 1927.

Rehearing Denied Dec. 23, 1927.

Trial ☞352(4)—Submission of issue of defendant's negligence in general terms held error, in view of specific grounds of negligence alleged in petition (Rev. St. 1925, art. 2189).

Where, in action for injuries when wagon fell from bridge, petition alleged four grounds of negligence upon which recovery was sought, submission of issue in general terms whether or not bridge was in dangerous condition, and whether defendant was guilty of negligence in maintaining it, was error, since, under Rev. St. 1925, art. 2189, respective issues of negligence in petition should have been separately submitted.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Agnes Ware against the City of Fort Worth. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

R. E. Rouer, Frank G. Coates, and Robert B. Young, Jr., all of Fort Worth, for appellant.

Sol Gordon and E. B. Hendricks, both of Fort Worth, for appellee.

DUNKLIN, J. A one-horse wagon in which Agnes Ware was riding ran off one side of a bridge which crossed a spillway running from Lake Como. The bridge is located on what is known as Park avenue, in the city of Fort Worth. The wagon fell some 20 feet to the bottom of the spillway, and as a result thereof Agnes Ware sustained injuries. She instituted this suit against the city to recover damages for those injuries, and from a judgment in her favor the city has prosecuted this appeal.

The accident occurred about 7 o'clock in the evening of October 3, 1923, while a rain was falling and it was dark. The bridge was some 20 feet wide, but it had no guard rails on the sides, and at two places near the south end of the bridge the floor boards were 18 inches shorter than the other boards adjoining, and the evidence tended to show that the wagon turned over when the wheels on one side ran into the opening caused by the short ends of some of the boards. The wagon was driven by Eugene Neely, its owner, who was on his way home. A short distance before he reached the bridge he overtook Agnes Ware and another woman, who were walking, and invited them to ride in the wagon, which invitation was accepted, and all three of the occupants fell together.

The grounds of negligence alleged in plaintiff's petition and upon which a recovery was sought were (1) a failure to maintain a light on the bridge; (2) a failure to provide guard rails along the sides of the bridge; (3) the maintenance of the bridge with some of the floor boards about 18 inches shorter than the others on its east and west sides near the south end, thus leaving open spaces at those short ends; and (4) a failure to fill in the approach to the bridge at its south end and on the west side, thus leaving an abrupt fall at the end of the bridge.

Issue No. 1, submitted by the trial court to the jury, reads as follows:

"Was the bridge at the time of the accident to plaintiff in a dangerous and unsafe condition for persons exercising ordinary care for their own safety in driving over and across the same?"

That issue was answered in the affirmative, and in answer to issues Nos. 2 and 3 the jury further found that the city was guilty of negligence in permitting the bridge to remain in an unsafe condition, and that such negligence was the proximate cause of the accident. No other issue of negligence on the part of the defendant was submitted to the jury, and the judgment rendered was based upon the findings of the jury noted above. The defendant seasonably objected to the submission of the issue of alleged negligence on its part in the form in which it was submitted; that is, in general terms, and not in the specific terms pleaded by the plaintiff, which objections were overruled. In other words, the objection made to the submission of the issue and brought forward in appropriate assignments here is that the respective issues of negligence alleged in plaintiff's petition and noted above should have been submitted separately, as required by article 2189, Rev. Statutes of 1925. The point is well taken, and the assignment is therefore sustained. The plaintiff could not recover upon any other issues of negligence than those specifically averred, and the defendant was entitled to know the particular acts or omissions upon which the judgment was based. It is impossible to determine upon what facts the jury reached the conclusion that the bridge was dangerous and unsafe, and, in determining that issue in the form in which it was submitted, the jury may have concluded that the bridge was unsafe for other reasons than those alleged in the petition. The assignment now under discussion has ample support in many decisions of this state, such as Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Kennedy v. Wheeler (Tex. Civ. App.) 268 S. W. 516; R. G. E. P. & S. F. Ry. Co. v. Guzman (Tex. Civ. App.) 214 S. W. 628; Tyrrell Hde. Co. v. Oregon (Tex. Civ. App.) 289 S. W. 1040; Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; K. C., M. & O. Ry. Co. v. Cole (Tex. Civ. App.) 183 S. W. 137; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882.

The proof showed that the territory which included Park avenue and the bridge, where the accident happened, had been taken into the corporate limits of the city about 1 year prior to the accident, and that the avenue and bridge prior to that time had been used by the public as a way of travel for some 20 or 30 years, but aside from such use there was no proof of any dedication of the street and bridge for public use by the owners of the land, and no proof that the city had formally accepted Park avenue and the bridge in question as one of its public streets or in any

manner had recognized it as such. The proof showed without controversy that the bridge was not constructed or repaired by the city prior to the accident. While in plaintiff's petition it was alleged that Park avenue was one of the public streets of the city, yet there was an absence of any allegation of dedication of the same by the owner of the land, or of any formal acceptance of the same by the city, or that the bridge had been constructed by the city.

A general demurrer to the petition was presented and overruled, but there was no special exception presented based upon the absence of such allegations. However, the absence of such allegations was made the basis of a motion to strike out all the evidence offered by the plaintiff to show defects in the bridge and also as a ground of objection to the submission of any issue of negligence upon the part of the defendant. By numerous assignments those questions are presented in appellant's briefs with numerous citations of authorities to support them. In view of a reversal of the judgment and a remand of the cause upon the assignment first discussed, and since plaintiff's pleadings may probably be amended, and the fact that evidence offered upon another trial may be materially different from that of the first trial, we deem it unnecessary to determine the merits of those assignments at this time. For like reasons the merits of several other assignments, such as those which involve what is claimed to be improper argument of plaintiff's counsel to the jury, the failure to submit the issue of plaintiff's contributory negligence in riding in the wagon with the driver Eugene Neely, etc., will not be discussed.

For the reasons noted, the judgment of the trial court will be reversed and the cause remanded.

On Motion for Rehearing.

In her motion for rehearing, appellee insists that we erred in reversing the judgment of the trial court for its failure to submit to the jury separately the issues of negligence, alleged by her as a basis for recovery. The contention is presented that the uncontroverted evidence conclusively established the dangerous condition of the bridge in the four separate particulars alleged in plaintiff's petition, and that, therefore, there was no error in submitting in general terms whether or not the bridge was in a dangerous condition, and whether defendant was guilty of negligence in maintaining it in that condition. To sustain that contention would be to ignore the further essentials to a recovery; namely, that even though it be said that the proof was as contended, still it was a question for the jury to determine whether or not any of defendant's acts or omissions, relied on by plaintiff, was negligence, and whether or not such negligence was a proximate cause of the injury sustained by plaintiff, Agnes Ware.

Furthermore, under the charge, the jury would be at liberty to find the bridge unsafe for reasons other than those alleged in the petition.

The motion for rehearing is overruled.