## NORTHERN TEXAS TRACTION CO. v. SINGER.

### No. 985.

Court of Civil Appeals of Texas. Waco.

Jan. 15, 1931.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Geo. E. Miller and John Morison, both of Fort Worth, for appellee.

**ALEXANDER, J.**

This suit was instituted by W. E. Singer against the Northern Texas Traction Company to recover damages to plaintiff's automobile and for loss of the use of the automobile while undergoing repair. The plaintiff alleged that he parked his automobile at the south curb of Magnolia avenue in the city of Fort Worth, and that when he undertook to remove his car therefrom it was necessary for him to back the same onto the track of the defendant company; that, before he could turn the automobile and remove the same from the tracks of the defendant company, his automobile choked, and before he could start the engine one of defendant's street cars struck and damaged his automobile. The plaintiff alleged that the defendant and its motorman were negligent in failing to stop the street car before it collided with his automobile and in failing to observe the plaintiff's perilous position on the tracks, and, after observing the same, in failing to bring the street car to a stop.

The defendant, after interposing a general demurrer and general denial, alleged that the plaintiff was guilty of various acts of contributory negligence, naming them, and that each of such acts contributed to and brought about the injury complained of.

The case was submitted to a jury on special issues, which issues were answered in favor of the plaintiff, and the court entered judgment thereon for the plaintiff. The defendant appeals.

Appellant complains of the action of the trial court in the submission of special issue No. 3 of the court's main charge. It complains because the trial court submitted all of the alleged acts of contributory negligence on the part of the plaintiff in one issue and failed to give its specially requested issues submitting said acts of contributory negligence separately. Special issue No. 3 of the court's main charge as submitted to the jury was as follows: "Was the manner and way plaintiff backed his car from the curb and out on the street car track negligence as that term is defined to you in this charge?"

The appellant, at the proper time, objected to this issue because it did not submit to the jury separately each of the specific acts of contributory negligence pleaded by the de-

fendant. The defendant alleged that the plaintiff was guilty of contributory negligence in failing to look and listen for a street car before backing his automobile onto the tracks of defendant and in suddenly backing his automobile onto said tracks without giving any warning and before first seeing that there was sufficient space for the movement of his car in safety. The pleadings were supported by the evidence. The defendant requested a special issue on each of said acts of contributory negligence, which requests were refused.

Revised Civil Statutes (1925), article 2189, requires that each issue raised by the pleadings and supported by the evidence be submitted separately and distinctly. The Supreme Court in the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, at page 521, said:

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue.

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved."

The above issue did not submit to the jury separately each of the alleged acts of contributory negligence, but submitted all of said acts of negligence in one issue. The charge was therefore objectionable, and the trial court should have submitted the special issues as requested by the appellant in lieu thereof. St. Louis, S. F. & T. Ry. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137; Fort Worth & Rio Grande Railway Company v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246.

The appellant also complains of the action of the trial court in giving special issue No. 1, which was as follows: "Under all the facts and circumstances shown by the evidence did the motorman in charge of defendant's west bound street car at the time and place in question exercise ordinary care in the operation of the street car?"

The acts of negligence as alleged by plaintiff in his petition and as supported by the evidence were that the defendant's motorman was negligent (a) in failing to stop the street car before it collided with plaintiff's automobile; (b) in not observing plaintiff's peril; and (c) if he did observe plaintiff's peril, he was negligent in not operating the street car

so that he could stop same and avoid the collision. In Fox v. Dallas Hotel Co., supra, the Supreme Court said: "In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven. It was no less improper to submit the general question of Fox's contributory negligence, over objection, without regard to the specific acts of negligence pleaded and supported by proof, than it would have been to have submitted the general question of defendant in error's negligence, without regard to the specific acts of negligence set out in plaintiff in error's petition."

■ Where the plaintiff seeks to recover damages on account of the negligence of the defendant, he is confined to the specific acts of negligence as alleged in his petition and as supported by the evidence. He is not entitled to recover on any act of negligence not alleged in the petition even though same may be supported by the evidence. It is the duty of the trial court in submitting the case to confine the jury to the specific acts of negligence so alleged and proven. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882. It will be seen at a glance that the above charge is objectionable for the reason that it does not confine the jury to the acts of negligence alleged in plaintiff's petition.

■ The appellee contends that, although the appellant strenuously objected to the form and manner of submitting the acts of negligence as charged by plaintiff, before it could take advantage of the error, if any, in the submission of this issue, it was necessary for the appellant to have requested special issues separately on each of the alleged acts of negligence. Our Supreme Court has held adversely to appellee's contention. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

The trial court submitted to the jury, on measure of damages, special issue No. 6, which was as follows: "What do you find from the evidence was the difference in the market value of said automobile in Fort Worth, Texas, immediately before the accident and immediately after the repairs were made?"

The appellant complains of the above issue on the ground that it was on the weight of the evidence.

■■ Where an injured article is susceptible of restoration, the plaintiff may recover the reasonable cost of repair, and, if after it has been repaired it is not worth as much as it was before the injury, he may, in addition, recover the difference between its value before the injury and its value after the repairs have been made. Chicago R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912. It does not necessarily result, however,

that the article will be of less value after the repairs have been completed than it was before the injury. This is ordinarily a question of fact for the jury to determine. The court submitted no preliminary issue to determine whether there was in fact a difference between the value of the car before the injury and after it was repaired. The above issue is on the weight of the evidence, in that it assumes that there was a difference between the market value of the automobile immediately before the accident and immediately after the repairs were made.

The appellant also complains of special issue No. 8 as submitted by the court, which was as follows: "Did the motorman of the defendant's street car at the time and place in question discover the plaintiff in such position of peril on the street car track that he could, commensurate with his own safety, have avoided the collision in question by the use of the means at his command?"

In order to constitute discovered peril, three essential elements are necessary: "(1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendant's agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means." Baker v. Shafter (Tex. Com. App.) 231 S. W. 349, 350.

The doctrine of discovered peril does not arise unless there is an actual discovery of the perilous position of the injured party by the party inflicting the injury. Mere negligence in failing to discover the peril does not invoke the doctrine of discovered peril. Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524. The discovery must be made in time to avoid the injury. In Northern Texas Traction Co. v. Weed, (Tex. Com. App.) 300 S. W. 41, at page 44, the court said: "The vital and controlling issue in every case of discovered peril is whether the perilous position of the injured party is discovered in time to avoid the injury by the use of all the means at hand. In nearly all cases of injury there is a discovery of the danger at some point prior to the injury, and the crucial issue is the time of discovery."

When the discovery is actually made in time to avoid the injury, the party inflicting the injury must exercise ordinary care in the use of all the means at hand, having due regard to the safety of himself and others, to avoid the injury. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479, at page 484. The above issue does not properly submit the element of time. The issue as to whether the motorman in charge of the car discovered plaintiff's perilous position in time to have avoided the collision, by the exercise of ordinary care in the use of all the means at hand, was never directly submitted to the jury in any special issue of the charge. The assignment is therefore sustained.

The other errors complained of by the appellant will not likely arise on another trial. For the reasons heretofore given, the judgment of the trial court is reversed, and the cause is remanded for a new trial.