HUTCHESON & CARRINGTON V. M. M. MEAZELL ET AL.

(Case No. 1913.)

1. TITLE — FORGERY — EVIDENCE.— The patentee of land died, leaving seven heirs. Plaintiffs brought suit for the land, claiming through a deed purporting to be the deed of the heirs. One of the heirs and the surviving husband of another were defendants. The court below decided that the deed was a forgery, and vested title in the two defendants. *Held:*

(1) That as defendants showed no interest in the portion of one of the heirs, if plaintiffs owned that portion, the decree divesting them of their title to it was error.

(2) That the testimony of a subscribing witness to a deed, given twenty-seven years after the execution of the instrument, that he knew the deed in evidence was not the genuine one because the genuine one bore his mark on his signature written by C., while the one in evidence did not bear his mark, and his signature on it was not in the handwriting of C., was not sufficient to prove forgery in the presence of strong evidence to the contrary (for which see opinion).

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

This action of trespass to try title was begun by appellants, September, 1882, against M. M. Meazell, A. M. Smith, Jake Carroll, Frank Carroll, Nelson White, Isaac Carroll, and Gilber Jessie. In December, 1882, Meazell and Smith only having answered, judgment by default was taken against all except Meazell and Smith. An interlocutory judgment was entered, and the cause continued for final disposition as to the other parties. The pleadings of appellees consist of a general denial and a plea of forgery. Appellants claim the land by patent from the state to Moses Meazell, Moses Meazell's heirs to White, and White to appellants. Appellees Meazell and Smith claim as the heirs of Moses Meazell, and that the deed from the Meazell heirs to White is a forgery. The case was tried without a jury, and the court found that all of appellants' chain of title was genuine except the deed from the Meazell heirs to White, and as to that deed found none of the grantors executed the same except one, and on this finding rendered judgment in favor of Meazell and Smith for the *entire survey, without vacating the judgment by default* rendered against all the appellees except Meazell and Smith.

*Simkins & Neblett*, for appellants, cited: Woodson *v.* Collins, 56 Tex., 175; Green *v.* Hill, 4 Tex., 465; Iglehart *v.* Downs, 19 Tex., 243; Willis *v.* Lewis, 28 Tex., 185; Harnage *v.* Berry, 43 Tex., 569; Willis *v.* Morrison, 44 Tex., 27.

*Croft & Blanding*, for appellees, cited: R. S., art. 2257; Watson *v.* Robertson, 15 Tex., 333; Henderson *v.* State, 14 Tex., 503; Willis *v.* Lewis, 28 Tex., 185; 2 Greenl. on Ev., sec. 294.

ROBERTSON, ASSOCIATE JUSTICE.— The land in controversy was patented to M. M. Meazell, who died in 1857, leaving as his only heirs seven children. The appellants brought suit for the land, claiming through a deed purporting to be the deed of these heirs. One of these heirs and the surviving husband of another were defendants in the suit, and upon their prayer, the court below, having first determined that the deed from the Meazell heirs was a forgery, divested the appellants of all title and vested it in these two defendants. Mrs. Mary Ann Pickett was one of the heirs; in her part these two defendants showed no interest. If the appellants owned her interest, the decree divesting them of their title to it was error.

A deed was in evidence purporting to be the deed of Mrs. Pickett

and the other heirs of Meazell, conveying the land in controversy to D. K. White, whose title the appellants acquired by regular conveyances. The uncontradicted proof showed that Mrs. Pickett made just such deed as was introduced in evidence. The defendants claimed, and the court below held, that the deed she signed was not the deed before the court. The execution of such a deed was proved by R. H. McLeod, who testified that on the deed he saw Mrs. Pickett sign, would appear his name as a witness, in the handwriting of Col. Croft. McLeod could not write, and he stated that he made his mark on his signature written by Col. Croft. The deed in evidence had upon it the name of McLeod as a witness, but his name was not there written by Col. Croft, and his mark was not there. He stated that for these reasons the deed was not that signed by Mrs. Pickett. The defendants also introduced evidence tending to impeach the genuineness of the signatures of all the other heirs, except that of Mrs. Pickett. On the other side, it was shown that the deed which Mrs. Pickett signed conveyed the same land to the same H. K. White described in the deed in evidence. It bore about the same date, and purported to be signed by precisely the same grantors. Like the deed in evidence it had upon it the genuine signatures of Jno. W. Simmons as a witness, and Asa Chambers as grantor. Twenty-seven years elapsed between the date of the deed and the date of the trial. If the deed in evidence was not the deed made by Mrs. Pickett, it was forged, in the purposeless wantonness of crime, in a very few days after the genuine deed was signed; for that offered in evidence contained upon it, dated five days after the date of the deed, the certificate, admitted to be genuine, of the county clerk of Navarro county, that McLeod appeared before him and proved up the signatures of several of the Meazell heirs. McLeod remembers going to Corsicana for this purpose, but does not remember going before the officer. Within seven days of the date of the deed it has upon it the certificate, admitted to be genuine, of the chief justice of Navarro county, of the acknowledgment and privy examination of Mrs. Stone, one of the Meazell heirs, and her husband, and since April 8, 1858, the impeached deed has been of record, partly on McLeod's proof, in Navarro county. Who wrote McLeod's name on the deed as a witness, and making his usual mark to distinguish his signature, are not such important events as would naturally impress the memory. McLeod does not seem to have had any interest in the transaction. To allow his recollection of such trivial circumstances, after the lapse of twenty-seven years, to prove that a deed, the very image of one proven to be genuine, is

not the genuine deed, but an idle and useless forgery, cannot receive our sanction. We think the court erred in the conclusion of fact that Mrs. Pickett's name to this deed was not her act. We have not discussed the proof bearing upon the execution of the deed by the other heirs of Meazell, because the record discloses that all available sources of evidence upon these issues have not been developed, and hence that it is proper not to render here such judgment as ought to have been rendered in the court below upon the proven facts.

For the error adverted to the judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 17, 1885.]