No. 2372.

GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY *v.*
J. C. COOPER.

1. NEGLIGENCE.—The starting of a train without the usual bell ringing or whistle from a flag station on a railway where trains do not usually stop unless signaled, whereby one who had left the train during its temporary stopping at midnight was injured in the effort to return to it, is not negligence *per se.* Whether negligence did in fact exist should be determined by the jury from a consideration of other facts. in evidence.

2. ARGUMENT OF COUNSEL.—The argument of counsel in addressing a jury should be confined to a discussion of facts in evidence, and when language is used relating to matters not in evidence, and of a character calculated to inflame and prejudice the minds of the jurors against the adverse party, the judgment will be reversed, especially in a case where the verdict seems excessive.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

*Peareson & McCamly,* for appellant.

*Gresham, Jones & Spencer* and *Mitchell & Mitchell,* for appellee: On the question of negligence, they cited Keokuk and Northern Line Packet Company v. Abner True, 88 Illinois, 608; Jeffersonville, etc., Railway Company v. Riley, 39 Indiana, 568; Clussman v. Long Island Railway Company, 16 Hun, 618, same case, 73 New York, 606; Mitchell v. Railway Company, 30 Georgia, 27; Cockle v. London, etc., Railway Company, 7 L. R., C. P., 321; Curtis v. Railway Company, 23 Wisconsin, 152, same case, 27 Wisconsin, 158; Keating v. Railway Company, 3 Lans., 469, same case, 49 New York, 673; Thompson's Carriers of Passengers, page 225, section 16.

When counsel has had the opportunity of replying to objectionable remarks made by opposing counsel, and of thereby correcting whatever of wrong impression, if any, such remarks may have made upon the minds of the jury, and has failed to avail himself of this opportunity, and the objectionable remarks have been made one of the grounds in a motion for a new trial, and, after due consideration, that motion has been overruled by the judge who tried the case, this court will not reverse the judgment because of the objectionable remarks, unless it is plainly made to appear that the verdict was unduly influenced thereby. Appellant admits in its brief that the only speech before the jury was by appellee's counsel. (Radford v. Wood & Lyon, 65 Texas, 472; Railway Co. v. Irvine, 64 Texas, 529.)

ACKER, JUDGE. Appellee brought this suit to recover damages for personal injury alleged to have been caused by the negligence of appellant's agents and servants. The injury necessitated amputation of the leg between the knee and ankle.

Appellant presented a general demurrer to the petition, which was overruled by the court, and this ruling is assigned as error. The petition alleges that the injury was caused by the negligence of appellant's servants in starting the train with a sudden jerk, without notice or signal of any kind; states with much particularity the manner in which the injury occurred, and alleges that it was without any fault or neglect on the part of appellee. We think the petition sufficient, and that the court did not err in overruling the demurrer.

It appears that Randon, the place at which appellee was injured, was not used by the company as a regular station, but was recognized only as a "flag station"—that is, a station at

which the trains did not stop, unless signaled to do so by some person there waiting to take passage, or when there was a passenger aboard for that place. No station master, ticket office or telegraph office was kept there, but there was a tank there at which trains frequently stopped to take water. Appellee was injured about midnight. The train had stopped at the Randon tank to take water, and he got off on the platform. As the train was in the act of starting he attempted to enter the car and was injured. There was no person there to take passage, nor was there a passenger aboard to disembark there, and this was known to the train officials, but they did not know that appellee had gotten off the train there.

Under this state of facts, we think the court should have given the jury a charge embodying the ideas suggested by the last special instruction asked by appellant and refused by the court, to the effect that, if they believed from the evidence that Randon was not a regular passenger station, and that appellant's servants in charge of its train, knew that no passengers were to get on or off the train there that night, and that they did not know that appellee had gotten off the train on to the platform, then they should determine, from all the facts and circumstances in evidence, whether appellant's servants were guilty of negligence, and, if so, whether such negligence was the proximate cause of appellee's injury, and also defining proximate cause.

In argument to the jury, counsel for appellee, after speaking of Utley, the conductor of the train by which his client was injured, who had testified on the trial, as having committed perjury, and as being in the sleeping coach at the time the injury occurred, used this language: "He may have been back there with a woman—he may have been back there with his wife—instead of attending to his duties." On exception being taken, the counsel stated to the jury: "On reflection, as this is not my case, I will take that back, but if it were my case, I would stick to it." Counsel for appellee also used in argument to the jury the following language: "You ought to deal severely with these bloated corporations that can run their roads right through a man's house or yard." On exception being taken, the counsel further remarked to the jury: "I repeat it, gentlemen, you ought to deal severely with this bloated corporation that can run its road right through your house and yard, and hold them strictly to their duty."

It seems that no effort was made by the court to control counsel or to require him to confine his argument to the record. Appellee laid his damages at twenty thousand dollars. The jury returned the following verdict: "We, the jury, find that J. C. Cooper, plaintiff, was injured through the fault of the Galveston, Harrisburg & San Antonio Railway Company, and give him judgment for the amount sued for." The court then directed the foreman of the jury to write a verdict specifying the finding in dollars, whereupon the foreman wrote the following verdict: "We, the jury, find for the plaintiff the sum of twenty thousand dollars," which was received by the court and judgment entered thereon. The language used and course of argument to the jury pursued by counsel for appellee was objected to by appellant at the time, and proper exception taken. The attention of the court below was called to it in the motion for new trial, and it is here insisted, that the amount of the verdict, as well as the language in which the first verdict was returned, indicates improper motive and prejudice upon the part of the jury, rather than an honest desire to award reasonable compensation for the injury. We are not prepared to say that the amount of the verdict is excessive, though it is large, if plaintiff was entitled to recover, and as to this we express no opinion; but the language employed by counsel for appellee in addressing the jury was not legitimate, and was such as should never be indulged in in any case. The first verdict gave appellee "judgment for the amount sued for," and this, together with the large amount "sued for," considered with relation to the improper language used by counsel in argument, make it reasonably evident to us that such language probably did influence the verdict, and we think the court erred in refusing to grant a new trial. (R. R. Co. v. O'Hare, 64 Texas, 604.) We are therefore of the opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*