## ST. LOUIS, S. F. & T. RY. CO. v. WILSON.
(No. 730–4321.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

**1. Trial ⚙⟿219, 350(1), 352(1)—Duty of trial court in submitting fact issues to jury, stated.**

Trial court is required in trials by jury to submit all controverted fact issues made by pleadings, to submit each issue distinctly and separately, and to give such explanation and definition of legal terms as shall be necessary to enable jury to answer each question.

**2. Trial ⚙⟿352(1)—Submission of single fact issue by two separate issues held misleading and to violate statute.**

In car inspector's action for injuries, where the one fact issue as to plaintiff's negligence tendered by pleadings was whether his going between cars to couple air hose without having displayed a blue signal was negligence, submission by court of separate issues, whether plaintiff was negligent in failing to display signals and whether he was negligent in going between cars, *held* misleading and in violation of Rev. St. 1925, art. 2189, requiring each fact issue to be distinctly submitted.

**3. Trial ⚙⟿350(7)—Requested charge presenting issue tendered by defendant in its pleadings should have been given.**

In car inspector's action for injuries, requested charge, whether plaintiff was negligent in going between cars to couple air hose without displaying a blue flag at end of string of cars to notify defendant's employees, who were engaged in making up train, that plaintiff was working between such cars and whether such negligence, if any, was proximate cause of his injuries, presenting issue tendered by defendant in its pleadings, should have been given.

**4. Master and servant ⚙⟿262(4)—Answer held sufficient to tender issue of contributory negligence.**

In car inspector's action for injuries sustained while coupling cars, answer that plaintiff was not injured as result of any negligence by defendant, but that plaintiff's negligence in going between cars without displaying blue signal was sole and proximate cause of his injury, *held* sufficient to tender issue of contributory negligence.

**5. Trial ⚙⟿350(5)—Court's charge should have required finding on issue raised by defendant's answer.**

In car inspector's action for injuries while coupling cars, court's charge should have required a finding as to whether plaintiff's negligence in going to work between cars without displaying blue signal proximately contributed to his injuries, where such issue was raised by defendant's answer.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by W. A. Wilson against the St. Louis, San Francisco & Texas Railway Com-

pany. Judgment for plaintiff was affirmed by the Court of Civil Appeals (262 S. W. 1074), and defendant brings error. Reversed and remanded.

W. F. Evans, of St. Louis, Mo., Goree, Odell & Allen, of Fort Worth, and Freeman, McReynolds & Hay, of Sherman, for plaintiff in error.

Randell & Randell, of Sherman, Ocie Speer, of Austin, and B. F. Gafford, of Sherman, for defendant in error.

BISHOP, J. Defendant in error W. A. Wilson was a car inspector in the employment of the plaintiff in error, St. Louis, San Francisco & Texas Railway Company. On September 29, 1921, as a part of his duties, he was engaged in inspecting the air and coupling up the air hose in a string of freight cars on a track in the yards at Sherman. While he was engaged in the work of coupling the air hose on these cars, which required him to go between them, in making up the train other cars were switched onto this track and against this string of cars, causing his foot to be caught between a wheel of one of the cars and the rail, injuring it to such an extent that amputation was necessary. For this injury he is seeking damages.

In his petition he alleged that plaintiff in error, its agents and employees, were negligent in opening the switch to the track on which he was working, and in causing moving cars to collide with these where he was working, with great and unusual force and violence, which was the proximate cause of his injuries.

Plaintiff in error in its answer alleged that his injuries were not caused by any negligence on its part, but that such injuries were caused solely on account of his negligence in being engaged in his work without having complied with the rule made for its employees known as the blue flag rule, which required that, before going to work under or about the cars, he display a blue signal at the end of the string of cars.

Defendant in error by supplemental petition denied that the blue flag rule applied to the employment in which he was engaged at the time he was injured, and alleged that such rule, if it did apply, had been abrogated and set aside, and that the rule and custom in doing this work was without the use of blue signals.

The evidence shows that such a rule as alleged did exist, and that no blue signal was displayed; but the evidence was conflicting as to whether the rule applied to the work in which defendant in error was engaged, and as to whether same had been abrogated. These issues were not presented to the jury in the court's charge.

The court in his charge defined "negligence," "contributory negligence," and "proximate cause," and submitted to the jury the

⚙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

issues of negligence and proximate cause in the following questions, which were answered by the jury as indicated, to wit:

"Question No. 1. Upon the occasion in question, when plaintiff was injured, did the operatives of the cars that collided with the cars where plaintiff was at work cause the moving cars to strike the standing cars with great and unusual force and violence?" Answer: "Yes."

"Question No. 2. If you answer question No. 1, 'Yes,' were said operatives guilty of negligence in so striking said standing cars?" Answer: "Yes."

"Question No. 3. If you answer question No. 2, 'Yes,' was said negligence the proximate cause of plaintiff being injured?" Answer: "Yes."

"Question No. 4. Was plaintiff guilty of negligence in failing to put out the blue signals upon the occasion when he was injured?" Answer: "Yes."

"Question No. 5. If you answer question No. 4, 'Yes,' was such negligence the proximate cause of plaintiff being injured?" Answer: "No."

"Question No. 8. Was plaintiff guilty of contributory negligence in going between the cars upon the occasion in question?" Answer: "No."

"Question No. 9. If you answer question No. 8, 'Yes,' then was such contributory negligence proximate cause, or did it proximately contribute to plaintiff being injured?" Answer: "No."

Judgment was rendered on the verdict for defendant in error, and on appeal was by the Court of Civil Appeals affirmed. 262 S. W. 1074.

[1, 2] As said by the Supreme Court, in the case of Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 461:

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue."

There was only one fact issue as to negligence of the defendant in error, Wilson, tendered by the pleadings. This was whether his engaging in his work, which required him to go between the cars to couple the air hose, without having displayed a blue signal, was negligence. There was no allegation that he was negligent in going between the cars irrespective of whether he had displayed the signal. Nor was there an allegation that he was negligent in failing to display the signal without regard to whether he was engaged in his work. The court in its main charge in questions 4 and 8 submitted to the jury two separate issues of negligence: (a) Whether he was negligent in failing to display the signals, and (b) whether he was negligent in going between the cars—though only one was tendered in the pleadings. His negligence, if any, under the pleadings and evidence, consisted in his doing the work without the signal. This manner of presenting the issue to the jury in the two questions was not only misleading, but was in violation of the statute, which requires that each fact issue be distinctly submitted. Article 2189, R. C. S. 1925.

The jury may have believed from the evidence that the failure to display the signal, though not a proximate cause of the injury, was negligence, and that going between the cars to do his work was a proximate cause of the injury, though not negligence; but that going between the cars to do his work without having displayed the signal was both negligence and a proximate contributing cause of the injury. So believing, they would have answered question 4 in the affirmative and questions 5 and 8 in the negative as they did in this case. Having answered question 8 in the negative, no answer was required to question 9, as only a negative answer was possible. The fact that question 9 was answered signifies nothing. What the verdict might have been had the issue tendered by the pleadings been clearly and distinctly submitted to the jury is left wholly to conjecture.

The plaintiff in error presented the following special instruction, which was refused, to wit:

"Was the plaintiff guilty of 'negligence,' as that term is defined in the court's charge, in going between the cars to couple the air hose, without displaying a blue flag at the end of the string of cars to notify defendant's employees who were engaged in making up the train that he was working between said cars?"

"If you answer the foregoing question 'Yes,' then answer this question: Was such negligence, if any, a proximate cause of plaintiff's injuries?"

[3] We think this special requested charge presents clearly, distinctly, and separately, the issue tendered by plaintiff in error in its pleadings, and should have been given. These were issues of fact under the evidence, and an affirmative answer by the jury to these questions would have established in law the issue of contributory negligence presented in the pleadings. We again quote from the opinion in Fox v. Dallas Hotel Co., supra, as applicable here, the following:

"The right of a party plaintiff or defendant to have all fact issues submitted to, and determined by, a jury which he has pleaded and proven, depends in no wise on whether judgment is to be entered on a special or general verdict. The language of the statute is too plain to admit of doubt on this point. Hence the cases settling the rule where general charges are given settle it where special issues are submitted.

"The rule, no matter what the form of the charge, as applied to the plea of contributory negligence, is stated by Judge Denman with clearness and precision in M. K. & T. Ry. Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1059, as follows: 'Defendants had the right to prepare

and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which if true would in law establish such plea. * * * This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to, each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts, which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading.' "

[4, 5] The allegation in the answer of plaintiff in error that defendant in error was not injured as a result of any negligence on its part, but that his negligence in going to work between the cars without displaying the blue signal was the sole and proximate cause of his injury, was a sufficient plea to also tender the issue of contributory negligence, and the charge should have required a finding as to whether his negligence, if any, in this regard, proximately contributed to the injury of which he complains.

We recommend that the judgments of the Court of Civil Appeals and district court be reversed and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.