## CAMERON COUNTY WATER IMPROVE-MENT DIST. NO. 1 v. TOMIYASU et al.
### No. 8523.

Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1931.

Rehearing Denied Feb. 18, 1931.

Carter & Stiernberg and Greenwood & Lewis, all of Harlingen, for appellant.

Seabury, George & Taylor, of Brownsville, for appellees.

SMITH, J.

This action was brought by K. Tomiyasu and others against the water improvement district to recover damages on account of the alleged failure of the district to timely furnish water for the irrigation of the plaintiffs' crops. The case was submitted to a jury upon special issues, resulting in judgment against the district, which has appealed.

Appellees. alleged that they made legal demand for water, but that because the district negligently failed to lower the check gate, or install and use a lift pump, where the main canal was tapped by the subcanal which supplied appellees' lands, they could not get sufficient water for the irrigation of their lands. After a general denial, appellants set up the defense that if appellees failed to timely receive the irrigation demanded, such failure was occasioned by the negligent failure of appellees to maintain proper field ditches and laterals to distribute the water over their lands when made available to them by appellant.

■■ There was ample evidence to support a finding establishing the defense pleaded by appellant, as well as a finding that appellees' negligence, if·any found, was the proximate cause of the injury they complain of. Appellant made timely and proper request for the submission of the issues thus raised by both pleading and evidence, but the court refused the request, and did not otherwise submit those issues. It is obvious and elemental that this action was erroneous, and requires reversal of the judgment. In every jury case either party is entitled, upon timely and proper demand, to have his cause or defense submitted to and determined by the jury, where his pleadings and the evidence adduced thereunder are sufficient to raise appropriate issues of fact which could legally affect the judgment to be rendered. Articles 2189, 2190, R. S. 1925; Fox v. Hotel Co. 111 Tex. 461, 240 S. W. 517; St. Louis, S. F. & T. R. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137; Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350; Texas & P. R. Co. v. Perkins (Tex. Civ. App.) 284 S. W. 683. Here the defenses pleaded by appellant were sufficient, if established, to acquit appellant of liability. They were supported by material evidence, and appropriate issues thereon were requested by appellant to be submitted to the jury; but their submission was refused by the trial court. Clearly, appellant was entitled to have the jury pass upon those issues, and this right could not be defeated by the findings of the jury upon other issues not covering those withheld.

We sustain appellant's proposition I. The error in refusing to submit appellant's defense was emphasized by the erroneous refusal to submit the issue, properly requested by appellant, of whether ·appellant's negligence was the proximate cause of the injury complained of by appellee, as pointed out in appellant's proposition II. By this combination of errors appellant was denied the right of having the jury find, if so minded, that appellees' own negligence caused their damages, or that appellant's negligence, if any found upon full submission, was not the proximate cause of such damages.

It is not deemed necessary, in view of reversal on the grounds above stated, to discuss appellant's remaining propositions, although it is deemed appropriate to suggest that appellee should more definitely describe the lands alleged to have been insufficiently

irrigated by appellant; the issues of appellant's alleged negligence should have been separately submitted, rather than generally, as pointed out in appellant's proposition III, and the jury should be permitted to pass upon the number of acres affected by appellant's alleged negligence, since that issue appears to have been controverted in the evidence.

The judgment is reversed, and the cause remanded.

COBBS, J.

I cannot agree with this opinion.

FLY, C. J.

I fully concur in the foregoing opinion of Associate Justice SMITH.

On Motion to Certify Points of Dissent to the Supreme Court.

SMITH, J.

■ Appellees have filed a motion praying that this court certify to the Supreme Court the point or points of dissent upon which Associate Justice COBBS has disagreed with the opinion of the majority. Inasmuch, however, as the points of dissent are not entered of record or otherwise made apparent, there is nothing upon which to base a certificate of dissent, and appellees' motion is accordingly overruled. Article 1852, R. S. 1925.