## O'NEAL FURNITURE CO. v. LAUGHLIN.
### No. 2721.

Court of Civil Appeals of Texas. Beaumont.
March 14, 1935.

John H. Benckenstein, of Beaumont, for appellant.

Wyatt J. Baldwin, of Beaumont, for appellee.

COMBS, Justice.

Appellee's wife sold appellant certain household furniture for $95, representing that she and her husband were separated, that the property was community property, and that she was in necessitous circumstances. Appellant paid her $1 in cash, gave her its check for the balance, $94, and took charge of the furniture. Before the check was cashed appellee went to see appellant's manager, Mr. Allen, and notified him that the property was his and not his wife's, that she had no right to sell it, and requested that payment of the check be stopped. The manager, Allen, called the bank and stopped payment on the check. Appellant contends that it then tendered back the furniture to appellee, but that he did not accept it. This appellee denies. A day or two after payment was stopped on the check, it appears that appellant permitted the bank to go ahead and cash it. It is appellee's contention that he and his wife had separated a

few days before the sale of the property, and that by virtue of a separation agreement he had purchased his wife's interest in the furniture and had paid her $250 in cash for it. A few days after the sale of the furniture appellant and his wife went back together and lived together a few days and then separated for good, the wife later obtaining a divorce. After the final separation and about the time appellee's wife filed the suit for divorce, appellee filed this suit against appellant for converting his furniture, alleging its value at $516.80.

The trial was to a jury, and although appellee's evidence was strongly controverted on every issue, we think the findings of the jury have support in the evidence. The findings were that the plaintiff did purchase his wife's interest in the furniture; that defendant had notice of such fact before its check was cashed by plaintiff's wife; that plaintiff, by living with his wife after she cashed the defendant's check, did not ratify the sale; that the furniture was worth $300; that plaintiff did not abandon his wife prior to the sale; that the wife was not in want of necessities before and at the time of the sale of the furniture to the defendant; and that defendant did not tender the furniture back to plaintiff when notified of his claim.

The case must be reversed because of improper argument of appellee's counsel. During the trial appellant offered in evidence a bill of sale to it signed by appellee's wife conveying to it the furniture. On objection of appellee it was not admitted. During his closing argument to the jury, counsel for appellee said: "The jury knows that under the laws of Texas sale of exempt property such as homestead and furniture, was not valid unless in writing signed by both the husband and the wife, acknowledged before a notary public separate and apart from her husband; Mr. Benckenstein tried time and again to introduce in evidence a written instrument and the court each time would not let him put it in evidence; because the same was not signed by both the plaintiff and his wife and was not acknowledged before a notary public according to the laws of the State of Texas."

The bill of exception approved by the trial court recites: "Such argument was not provoked by defendant nor its counsel, nor was said argument in answer to any statement of defendant, its counsel, or its witnesses, nor was it in answer to any evidence in the case, but such argument of Wyatt J. Baldwin was made voluntarily without response or an-

swer to anything which had occurred during such trial."

That such argument was erroneous is, of course, apparent. On the record before us we cannot say that the argument was harmless. In fact, it appears reasonably probable that the jury did consider it in arriving at one or more of their answers. It is, therefore, our duty to reverse and remand the case. 3 Tex. Jur. 1260, 1261; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; Behringer v. South Plains Coaches, Inc. (Tex. Com. App.) 13 S.W.(2d) 334; Eastern Texas Electric Co. v. Rhymes (Tex. Civ. App.) 1 S.W.(2d) 688; West Texas Utilities Co. v. Renner (Tex. Com. App.) 53 S.W.(2d) 451, 455.

Reversed and remanded.