ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS et al. v. DANIEL et al.

No. 13024.

Court of Civil Appeals of Texas. Dallas.

May 16, 1941.

Locke, Locke, Dyer & Purnell, of Dallas, and Lee A. & Allen Clark, of Greenville, for appellants.

Mayo W. Neyland and J. Benton Morgan, both of Greenville, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment entered on findings of the jury that appellants were guilty of negligence, proximately resulting in appellees' damage, in regard to the ringing of the bell, blowing of the whistle, and speeding of the train owned and operated by appellants, as it approached a street crossing in the City of Greenville, Texas, in violation of law and the ordinances of said City, thereby producing in the mind of appellee, T. M. Daniel, driver of his automobile, a state of fright or terror, as he approached the crossing, rendering him incapable of acting with ordinary care and prudence to stop the automobile before coming in contact with a telephone pole located at the side of the street.

Appellants, in the court below, raised the issue of contributory negligence of appellees by pleading in general terms, without exceptions, that "the injuries of each of the plaintiffs (appellees here) were proximately caused by his or her own negligence and had it not been for the negligence of each of said plaintiffs which directly and proximately caused and contributed to cause his or her injuries, respectively, said plaintiffs and each of them would not have been injured." On the pleading and evidence, appellants assign error on the action of the trial court in refusing to submit to the jury the following special issues:

"Special Issue No. 35: Do you find from a preponderance of the evidence that the plaintiff T. M. Daniel failed to have his automobile properly equipped with brakes on the occasion in question? Answer yes or no. Answer ————."

"Special Issue No. 36: In the event you answer Special Issue No. 35 in the affirmative and only in that event then you will answer the following special issue:

"Do you find from a preponderance of the evidence that such failure on the part of plaintiff T. M. Daniel if you have found that he did so fail to have his automobile properly equipped with brakes was negligence? Answer yes or no. Answer ———.

"Special Issue No. 37: In the event you answer Special Issue No. 36 in the affirmative and only in that event then you will answer the following special issue:

"Do you find from a preponderance of the evidence that such negligence if any in so failing to have his automobile properly equipped with brakes was a proximate cause of the collision in question between his automobile and the pole? Answer yes or no. Answer ———."

We think the issues of contributory negligence were raised by pleadings and evidence, and since the special issues tendered to the court and refused should have been given, the case must be reversed, under authority of Art. 2190, R.C.S., Vernon's Ann.Civ.St. art. 2190. The defense plead was sufficient in the absence of exceptions to support proof of contributory negligence in the failure of Mr. Daniel to have his automobile equipped with proper brakes, and that such failure was the proximate cause of the collision. Then, too, there was ample evidence to support the defense plead, and if affirmatively found by the jury, would legally affect the judgment. That being true, there being no other issue submitted embodying this defense, appellants were entitled, on timely and proper demand, to have their defense submitted to and determined by the jury.

It is a rule of law that where contributory negligence is alleged in general terms, and the evidence raises specific grounds of negligence, it is the duty of the trial court without request from either party to submit such special issues to the jury; and upon request, shall submit the cause upon special issues. In submitting either negligence or contributory negligence, special issues should be restricted to the specific acts of negligence raised by such pleadings and the evidence. Fox v.

Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Cameron County, etc., v. Tomiyasu, Tex.Civ.App., 35 S.W.2d 506.

Appellee T. M. Daniel testified that he was traveling down Stonewall Street, toward the railroad crossing in question, around "15 or 18 miles an hour," and when within about 30 or 40 feet of the railroad track, he saw the train approaching, which caused him to immediately apply his brakes, turn his car to the right, and collide with the telephone pole. The evidence shows the collision was of sufficient violence to break the windshield, radiator, flywheel housing, front cross member, front bumper, front bumper arm, disengage the steering wheel and otherwise damage the automobile to the extent of about $100. The impact of the automobile against the telephone pole threw Mr. Daniel violently against the steering wheel, his wife through the windshield, and his two children from the rear seat onto the occupants of the front seat, seriously injuring Daniel, his wife and daughter. There was further testimony that an automobile traveling at the rate of 18 miles per hour, equipped with brakes in good working order, can be stopped within 15 feet after applying the brakes. This is the affirmative testimony which appellants contend raises the issue of fact that the automobile in question was not properly equipped with brakes—therefore appellees were guilty of negligence proximately causing the collision. Indeed, appellee T. M. Daniel further testified that the automobile was equipped with brakes in good working order; that ten days before the collision, he, himself, put new linings in the brake bands, and that his car could not be stopped within the distance he traveled with the brakes applied. This clearly raises the controversial issues of fact, and the special issues submitted should have been included in the charge of the court for the determination of the jury.

Many other assignments of error are urged, based on misconduct of the jury; they are overruled. It is not deemed necessary, in view of our action on the above assignment, to discuss the propositions raised thereunder; they will likely not occur on another trial.

The judgment is reversed and the cause remanded.